THE ROME RAILROAD COMPANY *vs.* RANSOM.

Under §4067 of the code, upon the hearing of a *certiorari,* wherever the case can be determined as a matter of law, the court must make a final disposition of it. Where it involves both law and facts, when there is no dispute as to the facts, the superior court may make a final disposition of the case, or may remand it to the court below for another trial. Where the facts are conflicting, the court cannot make a final decision in the case, but if he sustains the *certiorari,* he must order a rehearing in the court below.

April 7, 1887.

*Certiorari.* Practice in Superior Court. Before Judge FAIN. Bartow Superior Court. July Term, 1886.

Reported in the decision.

JUNIUS F. HILLYER; J. C. BRANSON, for plaintiff in error.

J. A. BAKER, by brief, for defendant.

BLANDFORD, Justice.

Ransom sued the Rome Railroad Company, in a justice's court, to recover damage for the killing of a cow by the running of the defendant's trains. On the trial of the

case, Ransom showed that his cow had been killed by an engine of this company running on its road. The railroad company showed that at the time the cow was killed, it was night, and was raining and foggy, and that on that account it was impossible to see the cow until they got within twenty yards of it; that they used every possible effort to stop the train in time, but it was impossible to do so; and that they were guilty of no negligence. The jury returned a verdict of $30 for the plaintiff. The railroad company sued out a writ of *certiorari* to the superior court; and upon the hearing of the *certiorari*, it was insisted by the company that the court should render a final judgment in the case; but the court sustained the *certiorari* and directed a new trial to be had in the justice's court. This was excepted to by the railroad company, and is the only question here.

To decide the question made, we have to construe section 4067 of the code, which is as follows: "Upon the hearing of a writ of *certiorari*, the superior court may order the same to be dismissed, or return the same to the court from which it came with instructions, and in all cases when the error complained of is an error of law, which must finally govern the case, and the court shall be satisfied there is no question of fact involved, which makes it necessary to send the case back for a new hearing before the tribunal below, it shall be the duty of the said judge to make a final decision in said case without sending it back to the tribunal below."

We think that, under this section of the code, wherever the case can be determined as a matter of law, the court then must make a final disposition of the case. But where the case involves both law and facts, and there is no dispute as to the facts, then the superior court may make a final disposition of the case, or may, as was done in this case, remand the case to the court below for another trial. In all cases, however, in which the facts are conflicting

the court cannot make a final decision in the case, but if he sustains the *certiorari*, he must order a rehearing in the court below. This was a case where it was in the discretion of the court either to make a final disposition of the case, or to remand it for rehearing, and having remanded it, he committed no error; and therefore the judgment is affirmed.