## GRIMSLEY v. ALEXANDER.

1. Where a case in which there are no contested issues of fact is tried in a justice's court, the judgment of the justice rendered therein is reviewable by certiorari.   Though the amount claimed in such a case is less than fifty dollars, the same may be carried by certiorari to the superior court without appealing to a jury in the justice's court.
2. Upon the hearing of a certiorari in the superior court, in a case in which no issues of fact are involved, and the determination of which depends entirely upon questions of law, it is proper for that court to render a judgment finally disposing of the case.
3. Where upon the hearing of a certiorari from the judgment of a magistrate, rendered upon a rule in a justice's court against a constable, the judgment of the superior court, making the rule absolute, was, that the constable should pay, out of a fund in his hands, to the petitioner in the rule and in the certiorari, a sufficient sum to satisfy the claim of such petitioner and the cost incurred in taking the case up by certiorari, as well as the cost of the case in the superior court, and it appeared that the plaintiff's claim together with such cost amounted to more than the fund in the constable's hands, such judgment was erroneous.

Submitted October 22, — Decided December 14, 1898.

Certiorari.   Before Judge Sheffield.   Early superior court. April term, 1898.

*R. H. Sheffield*, for plaintiff in error.

FISH, J.   The undisputed facts in this case, as we gather them from the record, are, that Grimsley, constable, sold a horse as the property of the defendant, under an execution in favor of Smith & James against Wyatt Alexander.   The horse brought

$31.00.    After the sale and while the constable held the pro-
ceeds, W. H. Alexander, as guardian, placed in the hands of
the constable a distress warrant in favor of W. H. Alexander,
guardian, against Wyatt Alexander, for $28.00, with notice to
hold up such proceeds to be applied to the payment of the dis-
tress warrant.    At the time of the sale, there was pending an
affidavit of illegality, filed by Wyatt Alexander, to the execu-
tion against him in favor of Smith & James, under which the
horse was sold.    After the sale and after the placing of the dis-
tress warrant in the constable's hands, upon the trial of the ille-
gality proceedings in the superior court, the execution in favor
of Smith & James against Wyatt Alexander was declared to be
void.    Subsequently to this, Smith & James, in a suit against
Wyatt Alexander, and Grimsley as garnishee, obtained a judg-
ment against the garnishee for $24.50, on account of his having
in his hands, as the property of Wyatt Alexander, the proceeds of
such sale. . W. H. Alexander, as guardian, then demanded of
Grimsley, the constable, that he pay to him out of the proceeds of
the sale a sufficiency to satisfy his distress warrant.    The consta-
ble refused to comply with this demand, and Alexander ruled
him in the justice's court for failure and refusal to pay over the
money as demanded.    Upon the hearing of the rule the facts
above stated appeared.    The record shows further that a wit-
ness for the constable testified that the witness had examined
the records of the office of the ordinary of Early county (the
county in which the case arose), and that no order had been
granted to W. H. Alexander, as guardian, authorizing him to
rent any land for minors.    The magistrate discharged the rule
against the constable, and Alexander carried the case by cer-
tiorari to the superior court.    Complaint was made in the pe-
tition for certiorari, that the magistrate erred in admitting the
testimony of the witness, that he had examined the records in
the ordinary's office, and that no order had been granted to
Alexander, guardian, to rent any land of minors; and that the
magistrate also erred in admitting the evidence as to the judg-
ment in favor of Smith & James against Grimsley as garnishee.
The petition specified the objections over which all such evi-
dence was admitted; but the answer of the magistrate, which

was neither excepted to nor traversed, failed to disclose the grounds upon which such evidence was objected to, or for what reason the same was admitted. Upon the hearing of the certiorari, counsel for Grimsley moved to dismiss it, "because the records showed there were disputed facts involved, and the same had been brought to the superior court on a certiorari without having first been appealed to a jury in the justice's court, the amount involved being less than fifty dollars." This motion was overruled, and the court rendered the following judgment: "Ordered and adjudged, that certiorari be sustained, and that defendant pay to plaintiff out of said fund a sufficient sum to pay off his distress warrant, and the cost of —— dollars and —— cents paid out by plaintiff in certioraring said case, and the sum of —— dollars cost of this court." Grimsley excepted and assigned as error "the refusal to sustain said motion as aforesaid, and in rendering said judgment as aforesaid: (1) Because, there being facts involved in the justice's decision complained of, there should first have been an appeal to a jury in the justice's court before certioraring the case to the superior court, the amount involved being less than fifty dollars; (2) Because the court erred in rendering final judgment in said case instead of remanding the same for a new trial in the justice's court, there being conclusions of fact in said case to be ascertained from testimony; (3) Because the court erred in rendering judgment as aforesaid, because the amount is either greater than the amount of money in defendant's hands, or else is not definitely ascertained."

1. The record shows that upon the trial of the rule in the justice's court there were no contested issues of fact, and therefore the judgment of the magistrate was reviewable by certiorari, although the amount involved was less than fifty dollars. This court has so ruled several times. See *Toole* v. *Edmondson*, 104 *Ga.* 776, where Mr. Justice Cobb cited the previous decisions.

2. There were no issues of fact involved upon the hearing of the certiorari in the superior court. The determination of the case depended entirely upon the question of law, whether the rule should be made absolute against the constable upon the undisputed facts as they appeared in the certiorari proceedings,

and it was proper for the court to render judgment finally disposing of the case. Civil Code, § 4652; *Greenwood* v. *Boyd & Baxter Furniture Factory*, 86 *Ga.* 582, and numerous cases cited under the above section of the code.

3. This being a rule against a constable heard in the superior court upon certiorari, the judgment rendered in that court, ordering the constable to pay, out of the fund in his hands, to the petitioner in the rule and in the certiorari a sufficient sum to satisfy the claim of such petitioner and the cost incurred in taking the case up by certiorari, as well as the cost of the case in the superior court, made the rule absolute against the constable, not only for the amount of the claim of the plaintiff in the rule, but also for all of the costs required by the judgment to be paid by the constable, and subjected him to all the pains and penalties imposed by statute upon an officer failing to pay the amount required by a rule absolute rendered against him. The amount in the constable's hands was $31.00. The amount of the distress warrant of the plaintiff in the rule was $28.00. The cost of taking the case to the superior court by certiorari and the cost of the trial in that court necessarily amounted to more than $3.00, as will appear by reference to the fee-bills in the code, which added to the sum called for by the distress warrant made the amount for which the rule was made absolute larger than the sum in the constable's hands. We therefore think the judgment was erroneous. It may have been erroneous for other reasons; but we must decide the case as made by the bill of exceptions, and can not go outside of that in search of error.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*