## SEABOARD AIR-LINE RAILWAY *v.* CHRISTIAN.

When a superior court properly overrules all the grounds of a petition for certiorari save one presenting the point that the verdict under review was contrary to law because for an amount larger than that sued for, that court may, with the assent of the plaintiff, correct the verdict and the judgment entered thereon by reducing them to the amount claimed in the action, and then allow the same to stand.

Submitted May 1, — Decided June 10, 1902.

Certiorari. Before Judge Reagan. Stewart superior court. October 26, 1901.

*E. A. Hawkins,* for plaintiff in error.

Lumpkin, P. J. Mrs. Christian brought in a justice's court an action against the railway company for the killing of a cow, laying her damages at $40. At the trial on an appeal in the magistrate's court, she obtained a verdict for $50. The defendant thereupon sued out a certiorari, complaining that the verdict was contrary to law and the evidence, and making the special point that a verdict for $50 was unwarranted in an action wherein the plaintiff claimed only $40. The only testimony as to value offered on the trial before the jury was that of one witness, who swore that the cow was worth $50. Upon the question of liability the evidence was conflicting, though sufficient to sustain a finding in favor of the plaintiff. On the hearing of the certiorari in the superior court, she offered to write off from her judgment the sum of $10; and the judge accordingly passed an order in which provision was made for reducing the amount of the judgment to $40, and which contained a recital that, save as to amount, the verdict of the jury was approved, and the certiorari therefore overruled in so far as it related to the complaint of the defendant that no liability on its part was established by the evidence. To this action by the court below the railway company excepted.

' We certainly can not undertake to reverse the judgment complained of on the ground that the finding of the jury was unwarranted in so far as the question of the company's liability was concerned. So the question upon which the case must turn is: did the judge, under the facts appearing, have authority to give to it the direction above indicated? As a matter of course, a verdict for $50 in a suit wherein the pleadings authorize a recovery of no more

than $40 should be set aside, unless the plaintiff be willing to write off the excess. *Georgia Railroad Co.* v. *Crawley,* 87 *Ga.* 191; *Moomaugh* v. *Everett,* 88 *Ga.* 67. Such a verdict is not, however, void, and may be cured in this court by a proper direction whereby the plaintiff's recovery is limited to the amount for which he brought suit. *Hunnicutt* v. *Perot,* 100 *Ga.* 312; *Railroad Co.* v. *Calhoun,* 104 *Ga.* 384. This being so, we know of no reason why a judge of the superior court may not, under the authority conferred upon him by the Civil Code, § 4652, give such a direction in disposing of a writ of certiorari. That section makes it the duty of the judge to enter a final judgment in a certiorari case, "when the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below." We understand this language to mean that when the correction of an error of law committed in the trial court will finally dispose of a case upon its merits, the judge has authority to enter up a final judgment therein, there being in that event no necessity for another hearing in the court in which the case originated. Whether or not a question of fact is involved depends, of course, upon the character of the case presented by the petition for certiorari and the answer thereto.

The cases of *Grimsley* v. *Alexander,* 106 *Ga.* 165, *Holmes* v. *Pye,* 107 *Ga.* 784, *Walker* v. *Reese,* 110 *Ga.* 582, and *Railroad Co.* v. *Austin,* 112 *Ga.* 61, establish the doctrine that while the superior court may on certiorari set aside a verdict unsupported by evidence, it can not properly, when there are issues of fact involved, render a final judgment in favor of the plaintiff in certiorari. In other words, the superior court is without power to substitute for a verdict which it does not approve another which, in the opinion of the judge, the jury should have rendered. It is to be noted, however, that these cases are wholly unlike the one now before us. Here it is manifest that the judge was not of the opinion that the verdict under review was unsupported by the evidence, or open to attack on any ground save that it exceeded in amount the sum for which the plaintiff brought suit. The judge did not undertake to substitute for the verdict of the jury another of his own making in favor of the losing party, but merely took steps to cure their verdict in order that it might lawfully stand. In pur-

suing this course he was, as authorized to do by the section of the code above cited, simply correcting an error of law and thereby bringing to a legitimate end a case which there was no necessity of sending "back for a new hearing before the tribunal below."

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*