## WALKER v. THE STATE.

</div>

1. In a criminal case there is no error in failing to charge on the law applicable to a theory of defense arising solely from the statement of the accused.
2. On the trial of one charged with assault and battery, it is not error to exclude, as irrelevant, evidence of insulting words used to the daughter of the accused, while he was absent, on the evening prior to the assault and battery the next morning.

<div style="text-align:center">

Argued February 17,— Decided March 13, 1903.

</div>

Accusation of assault and battery. Before Judge Raines. City court of Dawson. December 26, 1902.

*Marlin & Irwin, J. G. Parks, J. J. McLelland,* and *A. W. Stephens,* for plaintiff in error. *M. J. Yeomans, solicitor,* contra.

SIMMONS, C. J. Having been convicted of an assault and battery, Walker moved for a new trial. He now excepts to the refusal of the trial judge to grant his motion.

1. Error is assigned on the failure of the judge to charge the jury on the law of self-defense. This theory of defense was raised solely by the statement of the accused, and there was no request

to charge in regard to it. The assignment of error is therefore without merit. *Smith* v. *State*, 117 *Ga.* 259. There was some evidence that the prosecutor had in his hand an iron bar, and that the accused and the prosecutor "went together, both with their hands up;" but this was after the accused had struck the prosecutor on the head with a piece of stone, for which assault and battery the evidence showed no justification whatever.

2. The accused sought to show by his daughter that, on the evening preceding the difficulty in the morning, the prosecutor had gone to the home of the accused and in his absence had used certain very insulting words to the witness. This evidence was excluded as irrelevant. The motion for new trial alleged that this was error, inasmuch as the accused expected to show that he was informed, on his return home, of this conduct of the prosecutor. It does not appear that the trial judge was aware of this expectation; and, clearly, evidence as to what the prosecutor said to the daughter was utterly irrelevant, unless the accused was shown to have been informed of it. So far as appears, the trial judge ruled on the admissibility of this evidence alone, without any showing as to the information of the accused, and there was no error in the exclusion of the evidence. Even had it appeared that the prosecutor's words had been reported to the accused, the evidence would still have been inadmissible. Presumably the accused returned to his home that same evening. The assault was committed the next morning. The abusive and insulting language was not used in the presence of the accused or at the time of the assault and battery. Therefore it can not be given in evidence as a justification for the assault and battery, and is clearly irrelevant for any other purpose. See Penal Code, § 103 ; *Berry* v. *State*, 105 *Ga.* 683.          *Judgment affirmed.          By five Justices.*