## *Ex parte* PHILLIPS.

### Opinion delivered October 1, 1906.

1. CERTIORARI—AS SUBSTITUTE FOR APPEAL.—Certiorari can not ·be used as substitute for appeal except in instances where the right of appeal has been unavoidably lost through no fault of the petitioner. (Page 201.)

2. SAME—REMEDY.—Certiorari is the proper remedy to correct an excess in jurisdiction, or an illegal proceeding not reviewable otherwise, · and like matters, but does not reach an alleged excessive punishment within the limits prescribed by the law. (Page 201.)

Certiorari to Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*A. W. Spears,* for petitioner.

*Robert L. Rogers, Attorney General,* for respondent.

HILL, C. J. This is a petition to quash on certiorari a judgment of Jefferson Circuit Court sentencing the petitioner to pay a fine of $300 and to serve six months in jail.

The petitioner was regularly indicted by the grand jury of Jefferson County for disturbing the peace by use of profane and insulting language. He pleaded guilty, and the circuit court, in order to ascertain the proper punishment, called the witnesses. It was shown that petitioner became very angry over being arrested and confined·in the city jail, and while therein he used language towards the chief of police and all other uniformed officers who came near him which is disgusting in its depravity. A stream of vile vituperation was poured at these officers for an entire day. The petitioner seemed to have a vocabulary fertile in indecency and obscenity.

The court assessed the maximum punishment permitted by the section under which he was indicted. Kirby's Digest, § 1648. A motion for new trial on the ground of excessive punishment was filed and overruled, and time given for bill of exceptions. The bill of exceptions was never prepared, and the appeal not presented until the transcript was lodged here with this petition for certiorari. Petitioner shows no reason for failing to properly prosecute his appeal. An intimation is made that the officers were derelict in getting up the record, but the law affords an ample remedy for that. In re *Barstow,* 54 Ark. 551. His attorneys abandoned him, but he employed his present counsel; how soon

afterwards is not shown. It is alleged that his new counsel could not prepare the bill of exceptions, but the record shows that the court stenographer took down all the proceedings. Certiorari can not be used as a substitute for appeal except in instances where the right of appeal has been unavoidably lost through no fault of the petitioner. *Burgett* v. *Apperson*, 52 Ark. 213. It can only correct excess in jurisdiction or an illegal proceeding not reviewable otherwise, and like matters, and does not reach to the question here presented—an alleged excessive punishment within limits of the penalty. *Burgett* v. *Apperson, supra; McKay* v. *Jones*, 30 Ark. 148; *Carolan* v. *Carolan*, 47 Ark. 511; *Reese* v. *Cannon*, 73 Ark. 605, and authorities therein; Harris on Certiorari, § 44. As the question of the alleged excessive punishment is not properly here, the court does not express an opinion on the subject. If this record be treated as an appeal, there is no bill of exceptions preserving and authenticating the evidence, and hence there is no relief on appeal. If it be treated as on certiorari, which it is, only the jurisdiction or legal course of proceeding are under review, and there is no point made against either.

The judgment should not be quashed, but should be affirmed. Harris on Certiorari, § 38. Let an order be entered accordingly.