### 65.  O'DONOVAN v. OCEAN STEAMSHIP COMPANY.

The judge of the superior court, upon certiorari, has the discretion to set aside a judgment by default, rendered in a justice's court against a garnishee, and to order a new trial, where it appears that the answer of the garnishee was filed before the expiration of the term to which the summons was returnable, but not before judgment by default had been entered against the defendant in the main case and also against the garnishee in the garnishment proceedings.

Certiorari, from Chatham superior court—Judge Cann. June 23, 1906.

Submitted February 6,—Decided February 13, 1907.

Gordon & Charlton, for plaintiff.   H. W. Johnson, contra.

POWELL, J.   O'Donovan sued a defendant by attachment and had the Ocean Steamship Company served with a summons of garnishment, returnable to the February term of a justice's court in Savannah. This court convened on February 14, and remained

in session until February 27. On the first day of the session the
court entered up judgment by default against the defendant in
the main case and, on the next day, against the steamship com-
pany on the garnishment. On the same day, but after the judg-
ment on the garnishment had been duly entered, the steamship
company filed its answer, admitting an indebtedness smaller in
sum than the amount of the judgment, and asserting that the same
was exempt from process of garnishment. The justice of the
peace held that the answer was not filed within the time allowed
by law, and issued execution against the steamship company. The
matter was brought to the superior court on certiorari, and the
trial judge there sustained the certiorari and ordered a new trial
in the justice's court. O'Donovan excepted, and brings the action
of the superior court to this court for review. He also complains
of the refusal of the judge to allow him to file certain exceptions to
the answer of the magistrate, but, in the light of what we are
herein holding, it is unnecessary to consider this exception.

1. Although a garnishee fail to answer until after judgment has
been rendered against the defendant in the main case and also
against the garnishee in the garnishment proceedings, it is still
a matter of judicial discretion to allow the garnishee to open the
judgment against him and to file his answer at any time before the
adjournment of the term of the court to which the summons of
garnishment is returnable. *Russell* v. *Freedman's Bank,* 50 *Ga.*
576; *Emanuel* v. *Smith,* 38 *Ga.* 603; *Harris* v. *Breed,* 38 *Ga.* 298;
*Bearden* v. *Railway Co.,* 82 *Ga.* 605, and cases cited; *Atlanta Jour-
nal* v. *Brunswick Pub. Co.,* 111 *Ga.* 718. Since a justice of the
peace has no power to set aside a judgment formally entered in
his court, this discretion is not addressed to him, but is addressed
to that tribunal which has the supervisory power over all the trans-
actions occurring in such inferior courts, namely the superior court.
If the matter be brought before the superior court by certiorari,
the trial judge is there invested with the same discretion that
would have been addressed to the justice of the peace if that offi-
cer were not denied the power, ordinarily inherent in courts, of
controlling their judgments until the expiration of the session.
Therefore the action of the judge of the superior court, which in
effect vacated the judgment of default and ordered a new trial in
the justice court, will not be reversed.          *Judgment affirmed.*