## 706.  COLE *v.* THE STATE.

In a prosecution for assault and battery, it is not competent for the defendant to show, as justification, that prior to the assault, and not contemporaneously therewith, the prosecutor or person assaulted had committed an injury upon the person, family, or property of the defendant.

Certiorari, from Ben Hill superior court—Judge Whipple.  July 25, 1907.

Submitted October 9,—Decided October 29, 1907.

Mrs. Cole was tried and convicted of the offense of battery, in the city court of Fitzgerald.  She presented a petition for certiorari to the judge of the superior court, who refused sanction; and she brings error.  The testimony was that Mrs. Cole came up to the prosecutor, J. F. Greek, in the cotton factory at Fitzgerald, said to him, "You have got to quit whipping my boy," thrust her hand up toward his face, and, according to the statement of the prosecutor, actually touched his face, though it did not hurt him. Several witnesses testified that she did not touch him and merely pointed her hand up toward his face, but the verdict of the jury necessarily concluded the issue in favor of the theory that there was a slight touching.  The defendant's statement was as follows: "Joe Greek had been whipping my boy.  He is all the time picking at him and on one occasion made him drunk.  He had just been beating him and made him cry, and as soon as I saw him I

walked up to where he was talking and told him he must not whip my boy again and shook my hand in his face. I did not hit him at all." The defendant also attempted to prove by witnesses that the prosecutor had slapped and hit her son, a small child, just before the rencounter occurred; that while the assault did not occur in her immediate presence, the boy ran away crying to her and that she quickly came and assaulted the prosecutor in the manner specified above. The court repelled the evidence; and error is assigned to this ruling. The two following requests to charge, which were refused by the court, thereby furnishing the basis of another assignment of error, present the theory of the law asserted by counsel for plaintiff in error, to wit: "A parent may not only commit a reasonable battery to protect his or her child, but any treatment of the child by another, which if meted out to the parent would justify the parent to commit a battery, would, if meted out to the child, justify the parent in committing the same kind of battery upon the one from whom the treatment flows," and "It is not the law that a parent may commit a battery only in defense of a child. He or she may be provoked by a battery on his or her child, and if the jury believe the battery committed by him or her in consequence of the provocation is reasonable and justified, he or she may be acquitted by the jury, and it is for the jury to decide whether he or she is justified." A chain-gang sentence of four months, with alternative of $40 fine, was imposed

O. H. Elkins, for plaintiff in error.

E. D. Graham, solicitor-general, contra.

POWELL, J. (After stating the facts.)

Judges have to declare the law as they find it to be, and not as they personally wish it to be. Every man who is acquainted with the God-given instincts of motherhood, which impel every true mother to fly not only to the protection of her child, but also to vindicate wrongs done it, realizes what a strong excuse this natural impulse furnishes for her conduct under circumstances such as this case discloses, and also respects her the more because she so loves and so acts. We would, if in duty we could, strain the tethers of the law which binds us, in order that we might give this mother a new trial. But what is the law? A mother may justify the commission of an assault and battery by proof of any act done to her child, which if done to herself personally would furnish like

justification. This is elemental and undisputed. However, it may be asserted equally irrefragably, that in misdemeanors, based on assaults or batteries, no provocation which, does not occur in the defendant's presence or at the immediate time of the difficulty can be pleaded by the defendant in justification. To quote from 2 Bishop's New Criminal Law (8th ed.), §41, "The person beset is permitted to act only in self-defense; he can not take the law into his own hands to inflict punishment for the injury. Therefore, if he strikes when all danger is past, he is guilty." Wharton's Criminal Law (8th ed.), §621, on the same subject, says: "He can defend, but not punish." The broadest statement of the rule in behalf of the defendant, so far as has come within our observation, is given in Blackstone's Commentaries (book 3, p. 3), where, in discussing the different methods by which private wrongs may be redressed, the venerable writer says: "Of the first sort, or that which arises from the sole act of the injured party, is the defence of one's self, or the mutual and reciprocal defence of such as stand in the relations of husband and wife, parent and child, master and servant. In these cases, if the party himself, or any of these his relations, be forcibly attacked in his person or property, it is lawful for him to repel force by force; and the breach of the peace, which happens, is chargeable upon him only who began the affray. For the law, in this case, respects the passions of the human mind; and (when external violence is offered to a man himself, or those to whom he bears a near connexion) makes it lawful in him to do himself that immediate justice to which he is prompted by nature, and which no prudential motives are strong enough to restrain. It considers that the future process of law is by no means an adequate remedy for injuries accompanied with force; since it is impossible to say to what wanton lengths of rapine or cruelty outrages of this sort might be carried, unless it were permitted a man immediately to oppose one violence with another. Self-defence, therefore, as it is justly called the primary law of nature, so it is not, neither can it be in fact, taken away by the law of society. In the English law particularly it is held an excuse for breaches of the peace, nay even for homicide itself: but care must be taken that the resistance does not exceed the bounds of mere defence and prevention; for then the defender would himself become an aggressor."

An exception from the common law and general rule is found in our statute allowing provocation by opprobrious words as a defence in such prosecutions. Even under this statute, the opprobrious words must have been used in the presence of the defendant, at the time of the assault, and not previously. *Berry v. State,* 105 *Ga.* 683 (31 S. E. 592). Evidence of insulting words used by the prosecutor to the daughter of the accused, while he was absent, is not admissible on a trial of one charged with assault and battery. *Walker v. State,* 117 *Ga.* 323 (43 S. E. 737). Hard law, but law.

The law will justify an assault for less necessity than it would a homicide. One may strike another who has just hit him, not merely to prevent another immediate blow, but to prevent future similar outrages. This much we deduce from the statement of Blackstone above; this much the law allows to the individual by way of redressing his own wrong and preventing future wrong; but after the initial attack is ended and the immediate affray is over the law withdraws its permission for a further breach of the peace and compels the injured party to resort to the courts for his redress.

It is argued to us, that in this case, if the accused had killed the prosecutor, the law would have given such effect to the previous wrongful conduct of the latter and the passion aroused thereby that the homicide might be reduced from murder to manslaughter; and this we concede to be true. It is further insisted that a provocation to which the law gives such effect as to make it mitigation for a homicide ought to have at least enough efficacy to justify a mild battery. The distinction is this: murder is an unlawful killing with malice; manslaughter is an unlawful killing in anger without malice; proof of prior provocation may exclude the idea of malice in the homicide, but does not exclude the idea of unlawfulness; it merely substitutes the element of anger without malice for the element of malice, thus distinguishing the offences. Battery is the unlawful beating of another, whether it be done with malice or without malice, but in anger. Provocation which merely substitutes into the offense the element of anger for that of malice does not alter the nature of the crime; the element of unlawfulness, which in battery is the only necessary element, remains.

This court has no jurisdiction to review a sentence imposed in a criminal case, on the ground that it is excessive, if it be within the limits set by the statute. The lower court is in so much better position to exercise a sound discretion in these matters that we feel a delicacy in making any expression that would seem to show any dissatisfaction with the action of the trial court in this respect. However, in this case, if this record states the whole truth, the sentence is so disproportionate to the offense proved that we feel justified in breaking our wonted silence in such matters. Indeed, the defendant's transgression is so slight, and her alleged provocation so great, that to our minds as men a fine of one dollar would be ample, if not excessive. · We are not mentioning this fact, however, for the mere purpose of criticism or comment, but as a basis for the direction we have decided to give in connection with our judgment of affirmance in the case. We strongly suspect that the judge of the superior court, to whom the petition for certiorari was presented, overlooked the fact that in criminal certiorari from the city court of Fitzgerald, the law of certiorari from county courts applies; and that in such cases the judge of the superior court has the power to review the sentence and "to pass such judgment or sentence as, in review of the whole case, is consistent with justice and law." Penal Code, §767. In passing upon this question he exercises an original discretion. We therefore affirm the judgment, with the direction that within thirty days after the remittitur from this court is filed in the court below, the judge of the superior court may, in his discretion, sanction the petition for certiorari and cause answer to be made, as prescribed in the Penal Code, §766, to the end that he may pass upon the justness of the sentence and change it if he sees fit to do so. Of course, if he is satisfied with the sentence as it is, even upon the ex parte statement of the matter contained in the petition for certiorari, he should decline to exercise the discretion which this direction confers upon him. He is in so much better position to do full justice to the interests of society, as well as of the accused, in this matter, that we would not have anything herein expressed so construed as to operate in any wise to the constraint of a full and free exercise of his untrammeled discretion.

*Judgment affirmed, with direction.*