## 1234. COPPAGE *v.* THE STATE.

1. The evidence upon the trial authorized the conviction of the plaintiff in error, and the newly discovered evidence being impeaching only, this court would not be authorized to hold that the trial judge erred in refusing a new trial.

2. In criminal cases, where a defendant is found guilty of a felony but the jury recommends that he be punished as for a misdemeanor, it is within the jurisdiction of the trial judge to act upon such recommendation or to disregard it as he may deem proper. The exercise of this discretion will not be controlled where the sentence imposed does not exceed the limits provided by law.

Indictment for larceny from house, from Cobb superior court—Judge Gober. May 1, 1908.

Argued July 14,—Decided August 4, 1908.

*H. B. Moss,* for plaintiff in error.

*B. F. Simpson, solicitor-general,* contra.

RUSSELL, J. Fonzo Coppage was convicted of larceny from the house of money exceeding $50 in value, and the jury, in the verdict, recommended that he be punished as for a misdemeanor. One witness swore directly that he saw Coppage take the money

in question from the desk in the pool-room of Baswell, the prosecutor. Other circumstances appeared from the testimony which would lead to the conclusion that one Evans was in some way interested in the theft, either as accessory before or after the fact. But the attempt to impeach the witness who swore that he saw the plaintiff in error take the money was not successful before the jury, and, as this evidence covers every phase of the case and authorized the conviction of the defendant, other matters become immaterial. The trial judge disregarded the recommendation of the jury to punish as for a misdemeanor, and sentenced him to five years in the penitentiary. A motion for new trial was made and overruled, and the plaintiff in error excepts to this judgment.

1. Outside of the contention that the verdict is contrary to the evidence and the law, the defendant relied, for a new trial, upon the ground of newly discovered evidence by which he sought to impeach the witness Brown, and attempts to show, by the record of the subsequent conviction of one Tom Evans, that he himself is innocent. The newly discovered testimony with reference to the witness Brown is impeaching only, if it amounts to anything at all, and the fact that Tom Evans may since have been convicted of theft of the same money on a separate indictment is of no moment in the consideration of the motion for new trial. Any point as to the quality and degree of participation of either of the defendants in the offense could have been raised upon the trial. If Coppage was the actual perpetrator of the crime, it is of no concern to him that Evans, though an accessory, was convicted also as principal in the first degree. It might have afforded ground of complaint for Evans, but none for Coppage. If the evidence in the present case had shown Coppage to be an accessory, we might hold a conviction unauthorized, but the evidence under review showed him, if he was guilty at all, to have been the principal thief.

2. It is insisted with great earnestness that the judge made a mistake in disregarding the recommendation of the jury, and in imposing upon the prisoner sentence as for a felony. It is entirely discretionary with a trial judge how much weight he will attach to the recommendation (which the jury is permitted to make as to certain felonies) that the defendant be punished as for a misdemeanor; and therefore, in such cases, if he decides to

sentence as for a felony, he is remitted to the usual rule which allows him to impose any term of imprisonment which does not exceed that fixed by the statute. Nothing is better settled than that the discretion of the trial judge in fixing punishment can not be interfered with upon review, if the sentence imposed is within the limit provided by law for the particular offense.

*Judgment affirmed.*