### 2042.   JOHNSON *v.* CITY OF ATLANTA.

1. The judge of the superior court, upon the hearing of a certiorari brought to review the proceedings had in a criminal action in an inferior judicatory, may in his discretion change the sentence imposed in the lower court.

2. Where, in the hearing of a case in the police court of the City of Atlanta, the recorder ascertains that there is probable cause to suspect that the accused has committed a State offense, he may, in addition to punishing him for the violation of the municipal ordinance, bind him over to the proper State court for a further investigation; and the trial as to the municipal ordinance is not vitiated by reason of the fact that the hearing partakes also somewhat of the nature of the preliminary investigation had by magistrates in criminal inquests as to State offenses.

3. The evidence authorized the conviction in the recorder's court.   The reformation of the sentence by the judge of the superior court has cured the other errors complained of.

RUSSELL, J., *dissenting.*   I concur in the rulings contained in the first two headnotes, but am of the opinion the certiorari should have been sustained because the evidence was insufficient in law to authorize conviction.

Certiorari, from Fulton superior court—Judge Pendleton.   July 6, 1909.

Argued October 5,—Decided October 13, 1909.

*Lowndes Calhoun,* for plaintiff in error.

*W. P. Hill, J. L. Mayson, W. D. Ellis Jr.,* contra.

POWELL, J. The plaintiff in error was convicted in the recorder's court of the City of Atlanta, and the sentence was that she "pay a fine of $100 and costs, and that in default of such payment said defendant work on the streets or public works of said city thirty days, under the direction of the superintendent of public works." She brought the case by certiorari to the superior court. Her contentions were that the conviction was without evidence to support it, and that the sentence was illegal, in that the recorder had no right to sentence her to the public works, in default of the payment of the fine; that the proper alternative was fine or imprisonment. The judge of the superior court passed the following judgment: "The within certiorari coming on for a hearing, it is ordered that the judgment of the recorder be sustained, except that this court, acting under its discretion and upon a review of the evidence on certiorari, changes the sentence by striking from said sentence the clause: 'in default of such payment said defendant work on the streets or public works of said city thirty days, and inserting in lieu thereof the following: 'in default of such payment said defendant shall be imprisoned thirty days, and costs of the certiorari is adjudged against the plaintiff in certiorari.'" From this judgment she brings error.

1. No special procedure has been outlined by the legislature as to certiorari from inferior criminal courts, other than county courts; and in the main, as to cases other than criminal cases in county courts and cases arising under local acts where specific provision is made, the general certiorari provisions found in the Civil Code prevail. The provisions of the Civil Code on this subject, however, were manifestly designed with civil cases particularly in the legislative view; and in applying them to criminal cases the courts must indulge somewhat in analogy and construction. Section 4652 of the Civil Code, which relates to the hearing of certiorari cases in the superior court, makes it the duty of the judge to render final judgment "when the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below." This section confers upon the judge of the superior court the power to make any legal and just disposition

of the case, so far as it may be controlled by questions of law, upon the elimination of all issues of fact.　*S. A. L. Ry.* v. *Christian*, 115 *Ga.* 742 (42 S. E. 66). The superior court in the hearing of a certiorari case sits as a court of error, a reviewing tribunal; and it is an ancient and almost universal prerogative of reviewing courts to limit or modify judgment of reversal or affirmance (or judgments of similar import), by adding to them appropriate directions or modifications. The chief limitation upon the superior court in this reviewing capacity is that while the judge has broad power in granting new trials upon facts, he has no authority to substitute his own opinion on the facts for that of the lower tribunal. If he is dissatisfied with the results, so far as it is dependent upon the matter of fact, he can grant a new trial, but he can not render final judgment. Especially as to those tribunals which have no breadth of discretion over their proceedings, and which are denied the power, ordinarily inherent in courts, of controlling their judgments, the judge of the superior court, on certiorari, has broad power and discretion as to all matters except issues of fact. All the discretion initially addressed to the trial tribunal, and more, vests in him, when the case reaches the superior court on certiorari.　*O'Donovan* v. *Ocean Steamship Co.*, 1 *Ga. App.* 190 (57 S. E. 982). The sentence in a criminal case is not controlled by any issue of fact, but is a matter purely of discretion, except in so far as it is a question purely of law, by reason of the limitations of the statute, ordinance, or other enactment, by authority of which it has been imposed. It is our view, therefore, that the judge of the superior court may, on certiorari, change the sentence. The power to do so is expressly conferred as to certiorari cases from county courts. We think that analogy and a fair extending of the words of the statute by construction give it to him in other cases. Whether he can increase the sentence or not is not before us; and the determination of that question is not foreclosed by anything we are now deciding. This court in two cases has already recognized this power of modifying or reducing the sentence as existing. See *Cole* v. *State*, 2 *Ga. App.* 738 (59 S. E. 24); *McDonald* v. *Ludowici*, 3 *Ga. App.* 658 (60 S. E. 337). The change made by the judge of the superior court in the present sentence was proper and permissible, and

left the petitioner in 'certiorari without further cause of complaint as to this branch of the case.

2. One of the complaints is that when the trial had been completed in the police court, the recorder, in addition to imposing sentence, bound the accused over to the State court for an offense which seemed to be disclosed by the evidence. Counsel makes the point that his client was thus subjected to two trials at one and the same time, to wit, a trial under the municipal offense, and a preliminary inquest as to the State offense. The statute gives the presiding officer of the police court the right to commit for State offenses disclosed in the course of investigations before him, and seems to contemplate the form of procedure had in the present case; and we know of no reason why we should declare the practise unlawful.

3. The evidence authorized the conviction of the defendant in the recorder's court, and, the judge of the superior court being satisfied with it, this court has no right to interfere.

*Judgment affirmed. Russell, J., dissents.*