## 3801.    FLANNIGAN *v.* CITY OF ROME.

Where a city council tries a person for the violation of a municipal ordinance, a judgment of guilty may be rendered by a mere majority vote, unless the charter of the city otherwise provides.

DECIDED DECEMBER 19, 1911.

Certiorari; from Floyd superior court—Judge Maddox. October 16, 1911.

*Eubanks & Mebane,* for plaintiff in error.

*Max Meyerhardt,* contra.

POWELL, J. The plaintiff in error, having been convicted in the recorder's court of Rome of the violation of a city ordinance, entered an appeal to the mayor and council, as is provided for by the charter of that city. Before that body the case was heard de novo. Nine members constituted the body; and, at the conclusion of the trial, five voted guilty and four not guilty. Thereupon judgment of guilty was entered up and sentence imposed.

The point here presented is that, by analogy to jury trial, a unanimous vote of the members of the council was essential to a lawful judgment convicting and sentencing the accused. The council was not sitting as a jury, but as a court. A person accused of a municipal offense is not entitled to trial by jury, but to trial by a court. *Loeb* v. *Jennings,* 133 *Ga.* 796 (67 S. E. 101). There are many differences between a court and a jury; but one cardinal and very important difference is that unless the law expressly provides to the contrary, a jury can render no finding except by the unanimous assent of all of its members, while, unless the law expressly provides to the contrary, a court adjudges and acts according to the vote of a majority. The point presented is therefore not well taken.     *Judgment affirmed.*