BROWN, <em>alias</em> JOHNSON, <em>v.</em> THE STATE.

ATKINSON, J. 1. By the act approved March 28, 1917 (Acts Ex. Sess. 1917, p. 8), it was made unlawful for any person "to have, control, or possess in this State" specified kinds of liquors or beverages. In section 16 of the act it was provided: "That the punishment for any violation of any of the provisions of this act, wherein a different punishment is not prescribed, shall be as for a misdemeanor, as provided in section 1065 of the Penal Code of 1910." That section of the Penal Code provides: "Except where otherwise provided, every crime declared to be a misdemeanor is punishable by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chain-gang on the public roads, or on such other public works as the county or State authorities may employ the chain-gang, not to exceed twelve months, any one or more of these punishments in the discretion

of the judge." The city court of Savannah having by law jurisdiction to try persons charged with misdemeanors for violating the prohibition statutes mentioned above (see Acts 1868, p. 165), and upon conviction of the accused to impose any one or all of the penalties specified in the Penal Code, § 1065, within the discretion of the trial judge, the superior court has no power, under the writ of certiorari, to modify a sentence which imposes a punishment not exceeding the maximum punishment prescribed by that law. See *Whitten* v. *State*, 47 *Ga.* 297; *Loeb* v. *Jennings*, 133 *Ga.* 796, 801 (67 S. E. 101, 18 Ann. Cas. 376); *Coppage* v. *State*, 4 *Ga. App.* 696 (62 S. E. 113); 11 Corpus Juris, 106, § 40, and cases cited in note 77; Phillips *v.* State, 80 Ark. 200 (96 S. W. 742).

(a) There is no special law relating to the city court of Savannah which confers on the judge of the superior court power, on certiorari, to modify a sentence imposed by the judge of the city court of Savannah while acting within his jurisdiction. Under this view the reasoning in *Cole* v. *State*, 2 *Ga. App.* 734, 738 (59 S. E. 24), would not apply. The doctrines pronounced in *McDonald* v. *Ludowici*, 3 *Ga. App.* 654, 656 (60 S. E. 337), and *Johnson* v. *Atlanta*, 6 *Ga. App.* 779 (65 S. E. 810), will not be followed.

(b) In a case of the character mentioned above, where the trial judge enters a formal judgment imposing a fine for the maximum amount authorized by law, his sentence is not, on certiorari, to be held "excessive and illegal" on the ground that while imposing sentence the judge stated to the accused that he was endeavoring "to reach" another person who would probably pay the fine, "instead of the defendant."

2. On the trial, in the city court of Savannah, of a defendant accused, with others, of violating the prohibition statute mentioned in the preceding note, in so far as the questions propounded by the Court of Appeals show, certain documents were irrelevant; the documents being: (a) copies of certain indictments returnable in the United States district court of the Southern District of Georgia, charging the defendant on trial in the city court of Savannah, and others, with "the offense of conspiracy and violation of the Reed-Jones amendment to the post-office appropriation act of March, 1917, with the pleas and verdicts thereon;" (b) certain excerpts from the minutes of the United States district court of the Southern District of Georgia, which showed that in two cases against the same persons who were indicted in the city court of Savannah, in one of which they were charged with violation of the "act March 3, 1917, sec. 332, U S. Penal Code," and in the other with violation of "sec. 37, U. S. Penal Code, act March 3rd, 1917," juries were duly empaneled and witnesses for the government questioned, and after the prosecution had closed its case the attorney for the defendants moved to direct a verdict for the defendants, and the motion was overruled; whereupon "by agreement" a verdict of guilty was entered as to all of the defendants.

3. Certain questions propounded by the Court of Appeals were not of such character as to require an answer by this court; the questions being: (1) Upon the trial of the issue raised by the accusation and the plea of not guilty in this case, and under the evidence, did the

52

court err (*a*) in charging the jury" in specified language; (*b*) "in refusing to charge" in stated words. (2) "Did the court err in excluding the" testimony of a named witness, giving a stated answer to a stated question?          *All the Justices concur.*

No. 1505.   FEBRUARY 13, 1920.

The Court of Appeals certified certain questions (in Case No. 10351), to which the rulings in the foregoing headnotes are answers.

*Shelby Myrick* and *Robert L. Colding,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general,* contra.

