10351. BROWN, alias JOHNSON, *v.* THE STATE.

BLOODWORTH, J. In answer to certain questions certified to it in this case, the Supreme Court said (149 *Ga.* 816, 102 S. E. 449):

"1. By the act approved March 28, 1917 (Acts Ex. Sess. 1917, 8), it was made unlawful for any person 'to have, control, or possess in this State' specified kinds of liquors or beverages. In section 16 of the act it was provided: 'that the punishment for any violation of any of the provisions of this act, wherein a different punishment is not prescribed, shall be as for a misdemeanor, as provided in section 1065 of the Penal Code of 1910.' That section of the Penal Code provides: 'Except where otherwise provided, every crime declared to be a disdemeanor is punishable by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chaingang on the public roads, or on such other public works as the county or State authorities may employ the chaingang, not to exceed twelve months, any one or more of these punishments in the discretion of the judge.' The city court of Savannah having by law jurisdiction to try persons charged with misdemeanors for violating the prohibition statutes mentioned above (see Acts 1868, p. 165), and upon conviction of the accused to impose any one or all of the penalties specified in the Penal Code, § 1065, within the discretion of the trial judge, the superior court has no power, under the writ of certiorari, to modify a sentence which imposes a punishment not exceeding the maximum punishment prescribed by that law. See *Whitten* v. *State*, 47 *Ga.* 298; *Loeb* v. *Jennings*, 133 *Ga.* 796, 801 (67 S. E. 101, 18 Ann. Cas. 376); *Coppage* v. *State*, 4 *Ga. App.* 696 (62 S. E. 113); 11 Corpus Juris, 106, § 40, and cases cited in note 77; *Phillips* v. *State*, 80 Ark. 200 (2) (96 S. W. 742).

"(*a*) There is no special law relating to the city court of Savannah which confers on the judge of the superior court power, on certiorari, to

modify a sentence imposed by the judge of the city court of Savannah while acting within his jurisdiction. Under this view the reasoning in *Cole* v. *State*, 2 *Ga. App.* 734, 738 (59 S. E. 24), would not apply. The doctrines pronounced in *McDonald* v. *Ludowici*, 3 *Ga. App.* 654, 656 (60 S. E. 337), and *Johnson* v. *Atlanta*, 6 *Ga. App.* 779, will not be followed (65 S. E. 810).

" (*b*) In a case of the character mentioned above where the trial judge enters a formal judgment imposing a fine for the maximum amount authorized by law, his sentence is not to be held on certiorari as 'excessive and illegal,' on the ground that while imposing sentence the judge stated to the accused that he was endeavoring 'to reach' another person who would probably pay the fine, 'instead of the defendant.'

"2. On the trial, in the city court of Savannah, of a defendant accused, with others, of violating the prohibition statute mentioned in the preceding note, in so far as the questions propounded by the Court of Appeals show, certain documents were irrelevant; the documents being: (*a*) copies of certain indictments returnable in the United States district court for the southern district of Georgia, charging the defendant on trial in the city court of Savannah, and others, with 'the offense of conspiracy and violation of the Reed-Jones amendment to the post-office appropriation act of March, 1917, with the pleas and verdicts thereon;' (*b*) certain excerpts from the minutes of the United States district court in the southern district of Georgia, which showed that in two cases against the same persons who were indicted in the city court of Savannah, in one of which they were charged with violation of the 'act March 3, 1917, sec. 332, U. S. Penal Code,' and in the other with violation of 'sec. 37, U. S. Penal Code, act March 3, 1917,' juries were duly empanneled and witnesses for the government questioned, and after the prosecution had closed its case, the attorney for the defendants moved to direct a verdict for the defendants and the motion was overruled; whereupon 'by agreement,' a verdict of guilty was entered as to all of the defendants." While under this ruling the documentary evidence referred to therein was improperly allowed to go to the jury, this error, in the opinion of a majority of the court, was harmless, because the defendant introduced a witness who swore to substantially the same facts embraced in the documentary evidence. Because of the peculiar facts of this case the writer is in doubt on this proposition.

3. There was no error in the excerpt from the charge of the court of which complaint is made, when the same is considered in connection with the entire charge and in the light of all the evidence.

4. The request to charge was sufficiently covered by the charge given.

5. Every ground of a motion for new trial should be complete within itself and understandable without reference to another part of the record. Under this rule we are not called upon to consider the sixth ground of the amendment to the motion for a new trial.

6. There was some evidence to support the verdict, which has the approval of the trial judge, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED FEBRUARY 24, 1920,

Certiorari; from Chatham superior court—Judge Meldrim. December 20, 1918.

*Shelby Myrick, Robert L. Colding,* for plaintiffs in error.

*Walter C. Hartridge, solicitor-general,* contra.