11720.   HICKS v. PURSLEY.

BROYLES, C. J.   1. Under section 4 of the act of the General Assembly approved August 20, 1918 (Ga. L. 1918, p. 352), any justice of the peace or ex-officio justice of the peace issuing a peace warrant to be executed within the limits of the city of Atlanta is in contempt of the municipal court of Atlanta and may be punished therefor by that court.

(a)  A peace warrant is included by the words "warrant . . or writ of any kind or character."

(b)  This is a harsh statute and must be strictly construed. Under its provisions, before a justice of the peace can be adjudged guilty of contempt of the municipal court of Atlanta, it must affirmatively appear upon the hearing before that court, either from direct or circumstantial evidence, that when he issued the warrant, or other paper complained

of, he issued it *for the purpose of, and with the intention of*, its being executed within the City of Atlanta. The mere fact that is was so executed is not sufficient proof of this purpose and intent.

(c) No question as to the validity or constitutionality of this act was raised in the trial court. Such a question therefore cannot be considered by this court.

2. Although the peace warrant in question was issued by the defendant justice of the peace and was subsequently executed within the limits of the City of Atlanta, the record discloses no evidence which authorized the trial court to find that the justice issued the peace warrant for the purpose of, and with the intention of, its being executed within the City of Atlanta. On the contrary, the undisputed evidence was that when the justice was issuing the warrant, the woman who swore it out told him that the defendant in the warrant, her husband, would probably be found hauling whisky on a road which was without the limits of the City of Atlanta. It follows that the trial court erred in adjudging the justice of the peace guilty of a contempt of court and in imposing sentence upon him; and that the judge of the superior erred in overruling the certiorari.

(a) The judge of the superior court erred also in modifying the sentence imposed in the trial court, there being no law relating to the municipal court of Atlanta which confers such authority on the judge of the superior court. *Brown* v. *State,* 149 *Ga.* 816 (102 S. E. 449), 24 *Ga. App.* 774 (102 S. E. 450).

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1920.

Certiorari; from Fulton superior court — Judge Pendleton. May 27, 1920.

*J. Mallory Hunt,* for plaintiff in error.

*Branch & Howard, Bond Almand,* contra.