## 12965.  JOHNSON *v.* CITY OF HAWKINSVILLE.

1. The finding of the city council in this case was not without evidence to support it.
2. Where a case is tried before a mayor, and an appeal is taken from his decision to the city council, the council sits as a court and not as a jury, " and the case is not governed by decisions awarding a new trial on account of communication between jurors and others during the deliberation of the jury."

DECIDED DECEMBER 14, 1921.

Certiorari; from Pulaski superior court — Judge Eschol Graham.  September 15, 1921.

*H. F. Lawson,* for plaintiff in error.

*H. E. Coates, T. S. Felder,* contra.

BLOODWORTH, J.  Counsel for the plaintiff in error, in their brief, say there are but two points in the case: " First:  Was there

any evidence to sustain the conviction? Second: Was the defendant legally tried by the city council because of the presence of the mayor and of the two policemen who appeared as witnesses against the defendant, while the city council was deliberating upon the case?" We answer both questions in the affirmative.

1. The city council passed upon the facts of the case, the judge of the superior court was satisfied that there was sufficient evidence to support the finding, and this court will not interfere.

2. The second question is settled by the principle announced in *Smith* v. *Rome,* 16 *Ga. App.* 161 (84 S. E. 615), where this court held: "Where, on a trial by the mayor and council on appeal, in the case of one who had been convicted by the recorder of the city on the charge of having violated a municipal ordinance, the evidence and the defendant's statement had been received and the hearing of the case concluded, it was not error to exclude the accused from the court-room during the deliberations of the mayor and council as to the judgment to be rendered. Nor is it sufficient ground for a new trial that the city's attorney, who had conducted the prosecution, and the chief of police, who had aided and advised him in the conduct of the trial, were allowed to remain in the court-room while the accused was excluded, it appearing that neither of these officers took part in the deliberations of the mayor and council, though the chief of police, at their request, informed them as to the amount of the fine imposed in the recorder's court. If this communication, or the presence of these officers, in the absence of the accused, was an irregularity, it does not appear that it resulted in harm to him. (*a*) The right of the accused to be present at his trial does not include the right to be admitted to the consultations of the members of the court with each other while they are deliberating as to the judgment to be rendered. (*b*) The mayor and council were sitting as a court and not as a jury (*Flannigan* v. *City of Rome,* 10 *Ga. App.* 217, 72 S. E. 1099); and the case is not governed by decisions awarding a new trial on account of communication between jurors and others during the deliberations of the jury." And see *McCurry* v. *City of Rome,* 17 *Ga. App.* 147 (86 S. E. 399). It appears from the answer to the writ of certiorari in this case that there was no communication of any kind between the mayor and the policemen who were in the council chamber while the members of the council were deliberat-

ing as to the judgment they would render, and it is not shown that the presence of these officers was harmful to the cause of the accused.

3. The judge of the superior court did not err in overruling the certiorari. However, we think it proper to call his attention to the fact that the superior court has no power, under a writ of certiorari, to modify a sentence which imposes a punishment not exceeding the maximum punishment prescribed by law. *Brown* v. *State*, 24 *Ga. App.* 774 (102 S. E. 450).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*