### 15302. SITTON v. TURNER.

LUKE, J. 1. Where a landlord files an affidavit to foreclose his lien for supplies furnished to his tenant to make a crop for a certain year, and the defendant files a counter-affidavit and replevies the property levied upon, by giving a replevy bond, and where it appears affirmatively that before the foreclosure proceeding the defendant was adjudged a bankrupt, the lien is void and the principal debtor and the surety on the replevy bond are both discharged. *Rountree* v. *Rutherford*, 65 *Ga.* 444.

(a) The decision in the *Rountree* case, supra, was not overruled in the case of *Alvaton Mercantile Co.* v. *Caldwell*, 156 *Ga.* 317 (119 S. E. 25).

(b) Had the foreclosure proceedings been instituted more than four months before the debtor was adjudged a bankrupt, the surety on the replevy bond would not, under the decision in the *Caldwell* case, supra, have been discharged as a matter of law by the discharge of his principal.

2. Under the foregoing ruling and the agreed statement of facts in the instant case, which show affirmatively that the defendant had been adjudicated a bankrupt at the time the foreclosure proceedings were instituted, the trial judge erred in adjudging that the surety on the replevy bond was not discharged.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 10, 1924.

Lien foreclosure; from city court of Floyd county—Judge Bale. December 29, 1923.

Certiorari was granted by the Supreme Court.

*M. B. Eubanks,* for plaintiff in error.

*Harris & Harris,* contra.