## 18157. LONGSHORE *v.* COLLIER.

BELL, J.   1. Under section 5 of the act of August 19, 1916 (Ga. L. 1916, 199), the municipal court of Atlanta has "the same power and authority to vacate, modify, set aside or change at any time any of its judgments as is now conferred upon or exercised by the judges of the superior court of this State."

2. "In a proper proceeding by petition with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularities not appearing on the face of the record." *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640 (50 S. E. 483); *Turner* v. *Jordan,* 67 *Ga.* 604; *Dugan* v. *McGlann,* 60 *Ga.* 353; *Regopoulas* v. *State,* 116 *Ga.* 597 (42 S. E. 1014); *Ford* v. *Clark,* 129 *Ga.* 292 (58 S. E. 818).

3. In such a case, where good cause exists for setting aside the judgment, it is not absolutely necessary that the proceeding for that purpose should be instituted at the term at which the judgment was rendered. *Gillespie* v. *Farkas,* 19 *Ga. App.* 158 (2) (91 S. E. 244); Civil Code (1910), § 5958. "All proceedings of every kind in any court of this State, to set aside judgments or decrees of the courts, must be made within three years from the rendering of said judgments or decrees." Civil Code (1910), § 4358; *Maddox Coffee Co.* v. *McHan,* 22 *Ga. App.* 198 (95 S. E. 736); *Regopoulas* v. *State,* supra.

4. Under the provisions of the bankruptcy act of 1898, 30 Stat. 565, c. 541, § 67f, all attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the attachment shall be deemed wholly discharged and released from the same.

5. Where, upon the levy of an attachment for purchase-money, the defendant replevied the property by giving bond and security as provided in the Civil Code of 1910, § 5113, and where within four months after

Attachment, 6 C. J. p. 348, n. 88; p. 350, n. 17; p. 357, n. 10 New.

Bankruptcy, 7 C. J. p. 195, n. 79; p. 196, n. 81; p. 197, n. 92; p. 199, n. 2.

Certiorari, 11 C. J. p. 211, n. 61; p. 212, n. 63.

Courts, 15 C. J. p. 987, n. 61.

Judgments, 34 C. J. p. 258, n. 99; p. 261, n. 2; p. 357, n. 97.

the levy of such attachment the defendant was adjudicated a bankrupt, the lien of the attachment was void, and the principal debtor and the surety on the replevy bond were both discharged. *Alvaton Mercantile Co.* v. *Caldwell,* 156 *Ga.* 317 (119 S. E. 25); *Rountree* v. *Rutherford,* 65 *Ga.* 444; *Rutherford* v. *Rountree,* 68 *Ga.* 725; *Sitton* v. *Turner,* 32 *Ga. App.* 401 (123 S. E. 750). This case is distinguishable from *Equitable Credit Co.* v. *Miller,* 164 *Ga.* 49 (137 S. E. 771). In that case the vendor, the plaintiff in attachment, retained title to the property to secure the purchase-money, and sought a special lien against the property for which the defendant gave the replevy bond. In such circumstances "the discharge in bankruptcy will not prevent a judgment being rendered against the surety on such bond."

6. A surety on a replevy bond is a party to the pending attachment case only to the extent of being subject to the result or judgment in such proceeding. He "has no opportunity to defend during the trial" (*Neal* v. *Gordon,* 60 *Ga.* 112), but must ordinarily remain passive until after judgment and until he is called upon to answer. He may then appear and "plead to the writ, and show any irregularity in the record, or that the judgment was fraudulently and collusively obtained, or that it has been satisfied or released, or any other matter that the law judges sufficient for his discharge." *Bank of Charleston* v. *Moore,* 6 *Ga.* 416, 418; *Irvin* v. *Howard,* 37 *Ga.* 19 (9); *Craig* v. *Herring,* 80 *Ga.* 709 (4) (6 S. E. 283); *Planters Loan &c. Bank* v. *Berry,* 91 *Ga.* 264 (18 S. E. 137); *Odell* v. *Wootten,* 38 *Ga.* 224; *Holmes* v. *Langston,* 110 *Ga.* 861 (2) (36 S. E. 251); *Price* v. *Carlton,* 121 *Ga.* 12 (48 S. E. 721, 68 L. R. A. 736); *Philip Carey Co.* v. *Sheppard,* 19 *Ga. App.* 368 (2) (91 S. E. 444); *Williamson* v. *Williamson,* 154 *Ga.* 788 (115 S. E. 805).

7. In this case the judgment against the principal defendant and his surety on the replevy bond was rendered at the April term, 1926, of the municipal court of Atlanta. At the succeeding May term, after a levy had been made upon the surety's property on May 5, he filed a proceeding in the court in which the judgment was rendered to set aside the judgment, upon the ground that the principal defendant had been adjudicated a bankrupt within four months after the levy of attachment. The court granted a rule nisi and caused service to be made upon the necessary parties. Upon the trial of this proceeding the fact of such adjudication in bankruptcy within the time stated was established without dispute and as a matter of law. *Held,* that the proceeding was in time, and the trial court committed error in not setting aside the judgment as prayed. The appellate division properly reversed the judgment of the trial court refusing a new trial, and it follows that the superior court rightly overruled the certiorari.

8. The above rulings are not in conflict with what was held in any of the following cases: *Howell* v. *Glover,* 65 *Ga.* 466; *Pulliam* v. *Dillard,* 71 *Ga.* 598; *Adams* v. *Dickson,* 72 *Ga.* 846; *Gladden* v. *Cobb,* 80 *Ga.* 11 (6 S. E. 163). The motions in these cases were made by the main debtors. As shown in decisions cited in paragraph 6 above, the rights of a surety on a replevy bond rest upon a different footing.

9. "Under section 4067 of the code [Civil Code (1910), § 5201], upon

the hearing of a certiorari, wherever the case can be determined as a matter of law, the court must make a final disposition of it. Where it involves both law and facts, when there is no dispute as to the facts, the superior court may make a final disposition of the case." *Rome R. Co.* v. *Ransom,* 78 *Ga.* 705 (3 S. E. 626); *James* v. *Smith,* 62 *Ga.* 345; *Johnson* v. *Atlanta,* 6 *Ga. App.* 779, 781 (65 S. E. 810). The court, on overruling the certiorari, properly rendered final judgment discharging the surety on the replevy bond.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 21, 1927.

Certiorari; from Fulton superior court—Judge Pomeroy. February 14, 1927.

*Morris Macks, Charles W. Anderson,* for plaintiff in error.

*Roy S. Drennan, H. F. Sharp,* contra.

STEPHENS, J., concurring specially. I agree to all the rulings except that contained in paragraph 9. Whether the judge of the superior court has jurisdiction to render a final judgment in favor of the defendant in certiorari where the certiorari is overruled, I think that under the undisputed facts of this case the plaintiff in certiorari, who is the plaintiff in error, was not harmed by the final judgment complained of. I therefore concur in the judgment of affirmance.