Brown & Wright, plaintiffs in error, vs. Smith & Leonard, defendants in error.

It is error in the Court to hear and determine a certiorari, six months before the Term, to which by law it is *properly* made returnable.

*Certiorari*, from Calhoun county, decision by Judge Allen, at November, Term, 1857.

Brown and Wright had sued out a certiorari from the Superior Court, directed to the Justice of the Peace of the 1123 district, requiring him to certify and send up to the Superior Court, to be held *on the 4th Monday in May next*, the proceedings in a cause, wherein exception had been taken to his judgment. The certiorari issued 13th November 1857, and served on the Justice 15th day of the same month.

*At the November Term* 1857, of the Superior Court of Calhoun county, the attorneys for Smith and Leonard, called up the certiorari for a hearing, counsel for Brown and Wright objected to the hearing or trial of the case, on the ground that the certiorari was returnable to the May, Term, 1858, of said

Brown & Wright vs. Smith & Leonard.

Court, and that the cause was not in order for trial until that Term of the Court.

The objection was overruled, the case taken up and the presiding Judge dismissed the certiorari on *the ground that there was no error alleged therein,* and remanded the case with an affirmance of the judgment; and counsel for petitioners, Brown and Wright, excepted.

Richard H. CLARKE, for plaintiffs in error.

W. C. PERKINS, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

The petition for certiorari in the case was sworn to and filed the 12th of November 1857. The writ of certiorari was issued by the Clerk on the 13th and service acknowledged on the 15th of the same month. The Justices of the Peace whose judgment was complained of, were commanded to certify and send up their proceedings, to the the May Term, 1858, of the Superior Court of Calhoun county.

The only question for our opinion is, could the Judge of the Superior Court hear and determine the case, before the Term to which it was properly made returnable by law? See *Cobb,* 529.

We think not, and feel constrained to reverse his judgment on that ground. To decide otherwise, would be in effect to hold that a certiorari like an injunction may be heard at any time after it issues, a most inconvenient practice to establish even for the Judges themselves.

We fully concur with the Court below, that there were no errors complained of in the certiorari, and that it ought to be dismissed on that account, whenever according to law it can be reached.

Judgment reversed.