## STALLWORTH v. MAYOR AND COUNCIL OF MACON.

In a petition for certiorari to review a judgment of the recorder's court of the City of Macon it was alleged, "that petitioner has filed with the clerk of said recorder's court a bond, approved by said clerk, payable to the Mayor and Council of the City of Macon, as provided by law in cases of certiorari, and said bond accepted by said clerk of said recorder's court." The petition was verified by the affidavit of the petitioner, was sanctioned, and the writ ordered to be issued. *Held*, that it was error for the judge of the superior court to dismiss the certiorari on the ground that it did not affirmatively appear, in the application for the writ, that the petitioner had filed a bond approved by the clerk of the recorder's court, as required by law, or had made a pauper affidavit in lieu of such bond.

Argued March 20,—Decided May 10, 1906.

Certiorari. Before Judge Felton. Bibb superior court. February 8, 1906.

Mary Stallworth was convicted, in the recorder's court of the City of Macon, of a violation of an ordinance of that municipality. She applied to the judge of the superior court for the writ of certiorari. The petition for the writ, after setting forth what occurred on the trial, alleged, "that petitioner has filed with the clerk of said recorder's court a bond approved by said clerk, payable to the Mayor and Council of the City of Macon, as provided by law in cases of certiorari, and said bond accepted by the clerk of said recorder's court." The petition was verified by the affidavit of the petitioner. The judge of the superior court sanctioned the petition and ordered the writ of certiorari to be issued. In response to the writ the recorder answered, "that the defendant, Mary Stallworth, made and filed the bond required with the clerk of the recorder's court of the City of Macon." When the case came on to be tried in the superior court the judge dismissed the certiorari, on the ground that it did not affirmatively appear, in the application for the writ, that the petitioner had filed the bond required by law, approved by the clerk or judge of the recorder's court, nor that pauper affidavit had been made in lieu of such bond. To this ruling the petitioner excepted.

*Akerman & Akerman* and *M. R. Freeman*, for plaintiff in error.
*Minter Wimberly*, contra.

FISH, C. J. (After stating the facts.) Under the act approved December 10, 1902 (Acts 1902, p. 105), any one who seeks a writ

of certiorari to review and correct a judgment of any municipal court in this State shall file with the clerk of such court, or, if no clerk, with the judge thereof, a bond payable to the municipality under which the court exists, in amount and with surety acceptable to and approved by the clerk or judge as the case may be, conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of such court, or of the superior court, in the case; unless such defendant be unable from his poverty to give the bond, in which case he shall make the same appear by affidavit, and the judge of the superior court shall, in granting the writ of certiorari, order a supersedeas.   "The filing of the bond or making of the pauper affidavit is a condition precedent to the application for certiorari, and the filing of the bond together with the approval of the clerk or judge, or the making of the pauper affidavit, must affirmatively appear in the application for the writ." *Johns* v. *Tifton,* 122 *Ga.* 734.   In the case cited a judge of the superior court refused to sanction a petition for certiorari seeking to review a judgment of a police court; and no mention of a bond was made in the petition.   In the certificate to the bill of exceptions the judge directed the clerk of the superior court to transmit with the bill of exceptions a "copy of certiorari bond," and there came to this court, with the bill of exceptions, a copy of a certiorari bond, which was "for the payment of the eventual condemnation-money, together with all costs."   This court affirmed the judgment of the judge of the superior court refusing to sanction the petition for certiorari, and ruled as above quoted, and further, that "a bond conditioned to pay the eventual condemnation-money is not such a bond as the statute prescribes."   In the case now under consideration it does affirmatively appear, in the petition for certiorari, that the petitioner had filed a bond as required by the statute, acceptable to and approved by the clerk of the recorder's court; and the allegation of the petition to this effect was verified by the oath of the petitioner.   Upon this evidence in the verified petition, as to compliance with the statute in giving the bond, the judge of the superior court sanctioned the petition for certiorari and ordered the writ to issue.   We think his action was authorized by the evidence before him, and, even if the answer of the recorder, verifying the petition in respect to the filing of the bond, be not con-

sidered, that the court erred in dismissing the certiorari, without proof that the bond had not been given as required by law.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*