## 932. McDONALD *v.* TOWN OF LUDOWICI.

1. There is no provision of law requiring a solicitor-general to represent the municipal corporations within his judicial circuit, even though the case in question be quasi criminal.   The solicitor-general, as such, is, in every case in the superior court to which the State is a party, her representative; but in cases in which the State is not a party, he appears only in his capacity as attorney at law.  Failure to serve the solicitor-general, as such, with notice of the sanction of the writ of certiorari, directed to a municipal corporation, is no ground for dismissing such certiorari, nor for dismissing a writ of error to this court.

2. A writ of error will not be dismissed upon the ground that the bill of exceptions was not certified in the time allowed by law, when it appears by the entry of the presiding judge upon the bill of exceptions that it was originally tendered within the time prescribed by law, and, having been returned to counsel for correction, was again received by the judge within ten days, corrected as required, and thereupon was certified and signed by him.

3. Where a writ of certiorari is sought, to correct a judgment of a recorder's court or other police court of a town or city, by whatever name known, the petitioner for certiorari (unless from his poverty he is unable to give bond) must file a bond "conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of said court, or of the superior court in said case."  (Acts 1902, p. 105.) Such bond should be payable to the municipal corporation under which such municipal court exists, and be in an amount and with surety acceptable to and approved by the clerk of that court, or, if no clerk, by the officer of said town or city who may have rendered the judgment of which complaint is made.

4. Where such bond is not approved by the clerk, or by the police judge or other municipal officer who rendered the judgment, or where the condition of the bond is not in the terms provided by law, it is not error to dismiss the certiorari.

Certiorari, from Liberty superior court—Judge Seabrook. November 19, 1907.

Submitted February 3,—Decided February 14, 1908.

*Donald Fraser,* for plaintiff in error.

*N. J. Norman, Stubbs & Chapman,* contra.

RUSSELL, J.  McDonald was sentenced by the Town of Ludowici to pay a fine of $25.  The mayor, in his answer to McDonald's petition for certiorari, says that he was charged with disorderly conduct, or keeping a disorderly house, in the Town of Ludowici, and found guilty by him, under the authority of §91 of the ordinances of the Town of Ludowici.  It further appears that the defendant was a witness in his own case or else was convicted upon

testimony that developed in the trial of one Gill. To quote from the answer of the mayor: "The mayor of said town was investigating a case which was then on the docket against J. T. Gill and S. A. Moody, employees of C. J. McDonald, charged with creating a disturbance in McDonald's store; and upon [the trial] of these parties it was made to appear to the mayor that said McDonald was harboring, protecting, and encouraging said Gill and Moody in their disorderly conduct in his house." The answer states that the trial was had on the 19th of March, 1907, and that "upon the evidence there submitted, which shows that C. J. McDonald had made no effort to bring these parties to justice," the mayor imposed the fine. As corroborative of the justice of the mayor's judgment it also appears in the answer (rather an unusual incident in such matters) that three days after the trial "Gill stated before the council and mayor, on March 22, that he would have come up for trial if C. J. McDonald had said for him to come; which showed that C. J. McDonald made no effort to bring these parties to justice."

The ordinances do not appear in the record; so we have no means of knowing the contents of section 91, but we presume that McDonald was either marshal of the town, or that there is some provision in the ordinances by which citizens are required to produce defendants before the mayor's court; for in the absence of one or the other of these facts, we do not see how a conviction could have been reached. If, as appears from one view of the evidence, McDonald was in no event guilty of any offense, or if he was guilty of keeping a disorderly house, the judgment and sentence of the mayor's court would be absolutely void, and habeas corpus, and not certiorari, would be his proper remedy.

Two motions to dismiss the writ of error have been filed in the present case, and we will first pass upon them. The solicitor-general of the Atlantic circuit moves to dismiss the bill of exceptions, for the reason that no service of notice of sanction of the writ of certiorari was ever served upon him as solicitor-general, and the State had no opportunity to defend in said certiorari proceedings previous to the serving of the bill of exceptions, and that, therefore, the case is not properly before this court. There is no merit in this motion; for three reasons. In the first place, it appears from the record that proper service of notice of sanction

of the writ was had upon the Town of Ludowici; and service upon a party, except as to the State of Georgia, is always as good as service upon the party's attorney. In the second place if the solicitor-general should have been served and was not so served, motion to dismiss the certiorari for lack of service of the notice should have been made in the lower court; and not having been there made, it will be presumed either that there was service or that service of the notice was waived. In the third place, it was wholly unnecessary that notice of the sanction of this writ and of the time and place of hearing should be served upon the solicitor-general. We find no provision of the act incorporating the Town of Ludowici which places upon the solicitor-general of the Atlantic circuit the duty of representing that corporation in quasi-criminal cases. The duties of the solicitor-general, so far as we are aware, are defined in the Penal Code, §798, and none of the duties there specified include the requirement that he shall represent any client except the State of Georgia. It may be that under the terms of the 6th division of the section, he might be required to perform this service, but this could only obtain by special legislative enactment. A municipal corporation may have delegated to it the power to deal with a large number of quasi-criminal offenses. It may have conferred upon it both legislative and judicial functions, but after all, though subject to the State and included within it, it is in law a distinct and separate entity, a body corporate, a party capable of suing and being sued. The State, so far as the courts are concerned, is an absolutely distinct party. When the State is a party to a cause, the solicitor-general, in all cases in the superior court is the representative of the State. It is for this reason, and this only, that notice of the sanction of a certiorari from a county court or a city court, where the State is a party, must be served upon the solicitor-general. When the case has reached the superior court, by certiorari or otherwise, no matter what other attorney may be employed, the solicitor-general is, by right, the State's leading counsel. In the absence of legislation, or of employment, he is not concerned with certioraries from mayor's courts, because the State is not a party. He could be employed to represent a town or city in the trial of a certiorari in the Superior court, but this is a matter of volition, or of personal contract as an attorney at law, and has no connection with his office.

2.   A second motion to dismiss the writ of error is made, upon the ground that the bill of exceptions was not certified in the time allowed by law.   A motion to dismiss upon this ground fails, unless it is made to appear that the delay was occasioned by the plaintiff in error or his counsel.   The second headnote deals with this motion to dismiss.

3.   Error is assigned on the judgment dismissing the certiorari. This judgment was based upon two grounds:   (a) that the bond was not approved by the officer of the town who tried the case; and (b) that it did not comply with the requirements of the act of 1902 (Acts 1902, p. 105), providing that the bond should be made conditioned to abide by the judgment of the superior court or mayor's court.   It appears, from investigation of the bond itself, that it was not approved.   It is the manifest purpose of the act that the officer trying the case in a police court, or his clerk, if he has one, shall fix the amount and pass upon the acceptability of the security.   Certain it is that some one should fix the amount of the obligation beside the defendant; and it would seem to be equally clear that before the judgment of the court is suspended, some one should see that an insolvent security did not sign the bond, and thus, perhaps, nullify its provisions.   The act of 1902, supra, makes it the duty of the clerk or the judge to pass upon the sufficiency of the certiorari bond, both as to amount and as to the acceptability of the security.   The bond in this case was not approved; and for that reason was a nullity, so far as compliance with the act of 1902 is concerned.   There being no certiorari bond, it follows inevitably that the writ should not have been issued,—that there was nothing before the court, and that the petition should have been dismissed.

In the case of *Mayor of Macon* v. *Stallworth,* 125 *Ga.* 250 (54 S. E. 142), which is cited by counsel for plaintiff in error, it was held that the judge of the superior court "erred in dismissing the certiorari, without proof that the bond had not been given as required by law."   In that case the recorder, in his answer, certified "that the defendant . . made and filed the bond required with the clerk of the recorder's court;" and the Supreme Court says that it affirmatively appears that the bond was given and filed as required by the statute, because the allegation of the petition to that effect was verified by the answer, as well as by the oath of the

42

petitioner. In the case now under consideration, the answer does not verify the statement in the petition; and while it was the duty of the judge at that stage to see whether the proper bond had been filed, still, when it appeared that such bond had not in fact been either given or approved, the certiorari should have been dismissed. This is the effect of the holding in the *Stallworth* case. The only other ruling which is material was, that perhaps the answer of the recorder, that a proper bond had been filed, was sufficient verification of that fact. As the mayor of Ludowici does not state in his answer that any bond was filed, the *Stallworth* case is not in point.

The decision of the judge was also correct for the second reason stated in his judgment. It was evidently the purpose of the General Assembly in the passage of the act of 1902, supra, to have these bonds conditioned for the appearance of the defendant to abide the final order or judgment of the superior court, as well as of the police or mayor's court, and the present bond did not comply with the statute in this respect. The reason for the legislative requirement is apparent. If such a certiorari is sustained and the case sent back to the police court for another trial, and there finally disposed of, the bond would bind the defendant to answer the judgment there. If, on the other hand, the superior court dismissed or overruled the certiorari, the defendant should be bound to answer the judgment there, which would be the final judgment. Furthermore, the judge of the superior court is clothed with a discretion, upon a review of the evidence on certiorari, to change the sentence; and if nothing else was done, the defendant, in that event, should be bound to appear and abide this, the final sentence; and in such case he would necessarily be answerable to the superior court.

4. The act of 1902 not having been complied with, either as to the terms and conditions of the bond or as to its approval, it was not error to dismiss the certiorari.

*Judgment affirmed.*