## 1025.   SIMON v. MAYOR AND ALDERMEN OF SAVANNAH.

1. A bond for the eventual condemnation money is no substitute for the bond required in order to certiorari from a judgment of conviction for the violation of a municipal ordinance.
2. A writ of certiorari, without a legal bond, is a nullity and must be dismissed. The filing of a proper bond or of an affidavit in forma pauperis is an indispensable prerequisite to the issuance of the writ of certiorari.

3. It is not error to dismiss a certiorari where the condition of the bond, given to obtain the writ reviewing the judgment of a municipal court, is not in the terms provided by the act of 1902 (Acts of 1902, p. 105). The decision in this case is controlled by the judgment in *McDonald* v. *Town of Ludowici,* 3 *Ga. App.* 653 (60 S. E. 337).

Certiorari, from Chatham superior court—Judge Cann. December 24, 1907.

Submitted March 1,—Decided March 30, 1908.

*E. H. Abrahams,* for plaintiff in error.   *S. B. Adams,* contra.

RUSSELL, J. The plaintiff in error was charged with the violation of three municipal ordinances of the City of Savannah; and, by consent, the three charges were consolidated, and the recorder entered a single judgment. The defendant sued out a certiorari to the superior court. Upon the hearing the certiorari was dismissed, upon the ground that the bond required by the statute had not been given, and because one writ had undertaken to bring up three judgments in three separate cases. There can be no question that the judgment of the judge of the superior court in dismissing the certiorari was right, if based upon the first ground of the motion alone. And a judgment which is right will be affirmed, if sustainable for any reason.

The defendant gave a bond with security, in the sum of $300, conditioned to pay the eventual condemnation money. Such a bond is no substitute for the bond required by law in order to obtain a writ of certiorari from the judgment of a municipal court. The bond given was that provided for in the Civil Code, §4639. But the acts of 1902 (Acts of 1902, p. 105) require that the bond in such cases as this shall be made conditioned to abide the judgment of the superior or mayor's court. As pointed out in *McDonald* v. *Ludowici,* 3 *Ga. App.* 653 (60 S. E. 339), the purpose of the General Assembly in requiring these bonds to be conditioned for the appearance of the defendant to abide the final order of the superior court, as well as that of police or mayor's court, is apparent. If such a certiorari is sustained and the case is sent back to the police court for another trial, and there finally disposed of, the bond is to bind the defendant to answer the judgment there. If, on the other hand, the certiorari is dismissed or overruled in the superior court, this would be a final judgment to which the defendant is, by his bond, required to respond. As

there is no authority for issuing a writ of certiorari until a bond has been filed (except where the defendant, from his poverty, is unable to give bond), a certiorari which has issued without the filing of the bond required by law is a nullity, and must be dismissed. The filing of a proper bond, or of an affidavit in forma pauperis in lieu of such bond, is an indispensable prerequisite to the existence of the certiorari. It is not error to dismiss a certiorari where the condition of the bond given to obtain the writ reviewing the judgment of a municipal court is not in the terms provided by the act of 1902, supra. The decision in this case is controlled by the judgment in *McDonald* v. *Town of Ludowici,* supra. The terms of the act of 1902 are mandatory, and it was the duty of the judge to dismiss the certiorari as he did.

It is unnecessary to consider whether the certiorari should have been dismissed upon the other ground, that the writ of certiorari undertook to bring up three judgments in three separate cases; because, the certiorari being a nullity for lack of a bond, the contents of the petition are not subject to our investigation.

*Judgment affirmed.*