## 1232.   SMITH *v.* CITY OF WASHINGTON.

1. The duty of seeing that a writ of certiorari is served upon the inferior judicatory to whom it is addressed devolves upon the petitioner for certiorari or his attorney.

2. When a clerk of a superior court issues the writ of certiorari and attaches it to the petition, copies the same, dockets the case, and thereafter safely keeps these papers in his office, unaltered and uninjured, he has fully complied with his duty in connection therewith. He is not required to see that the writ of certiorari is served; nor is he required to call the attention of the petitioner to the fact that it has not been served. In cases of certiorari the sole duty of the clerk of the superior court, so far as service is concerned, is to write and sign the certiorari and safely keep the petition, the writ, and all other papers appertaining thereto, subject to the call of the petitioner before service of the writ, and subject to the orders of the court after service of the writ.

3. It was not error to dismiss a certiorari which had not been served upon the opposite party, although the writ was issued more than four months prior to the term of court at which the motion to dismiss was made.

4. It must affirmatively appear in the petition for certiorari from the judgment of a municipal court that the bond required by the act of 1902 (Acts of 1902, p. 105) has been given, or that pauper affidavit has been filed in lieu thereof.

5. There being no provision of law to require a solicitor-general to represent municipal corporations within his judicial circuit, service of notice of the sanction and of the time and place of hearing of a certiorari upon the solicitor-general is ineffectual for the purpose of serving a municipal corporation. Service upon a municipal corporation can not be had by serving the solicitor-general of the judicial circuit wherein the municipality is located.

Certiorari, from Wilkes superior court—Judge Worley. May 6, 1908.

Submitted June 30,—Decided July 8, 1908.

*W. H. Toombs, F. H. Colley,* for plaintiff in error.

*D. W. Meadow, solicitor-general, R. C. Norman, J. M. Pitner,* contra.

RUSSELL, J.   Nick Smith filed a petition for certiorari, in which he alleged that he was brought to trial in the mayor's court of Washington upon an oral charge, accusing him of violation of a city ordinance, and was illegally convicted. The petition for certiorari was duly sanctioned by the judge of the superior court, and the petition, with sanction of the judge endorsed thereon, was delivered by Smith's attorney to the clerk of the superior court of Wilkes county. It appears from the record that the clerk of the superior court promptly and *properly issued the writ,* directed

to the mayor of the City of Washington, bearing teste in the name of the judge of the superior court of the circuit, entered the case upon the docket, copied the petition and the sanction of the judge, attached the writ of certiorari, and kept the same in his office until April 29, when they were handed by him to the petitioner's counsel, upon counsel's request to be furnished with papers in those cases which he represented. The petitioner's attorney then for the first time discovered that there had been no service upon the mayor; and it was then too late to effect service as required by law. During the May term of Wilkes superior court the petitioner moved the court to grant an order directing the clerk to issue the writ of certiorari; which must be construed to mean another writ of certiorari, as one had already issued. The judge of the superior court at first determined to grant such an order, but, upon further consideration, declined to order the clerk to issue the writ, and, upon motion of counsel for the defendant in the certiorari, dismissed the petition.

1. The first question which presents itself is, whether the judge erred in declining to grant an order requiring the clerk to issue a writ of certiorari, under the facts disclosed in this record. We think the judge ruled correctly in declining to issue such an order. It would have been a nullity if issued. The petition for the writ of certiorari, sanctioned in behalf of the plaintiff in error, was either a legal petition or a nullity. If it was a nullity in its then state, it was not only proper to strike the case from the docket by dismissing it, but it would have been illegal to again sanction it by directing the writ of certiorari to issue; for the time had expired within which such a petition could be presented for sanction, of which an order directing the issuance of a writ of certiorari is merely a necessary consequence. If the petition as originally sanctioned was legal in all respects except as to service upon the presiding officer of the inferior tribunal, the court was right in declining to issue an order requiring such service; because the failure to serve was plainly due to a lack of diligence on the part of the petitioner or his counsel, and to nothing else. If the clerk had failed to issue the writ, then, under the rulings in *Hopkins* v. *Suddeth*, 18 *Ga.* 518 and *Mitchell* v. *Simmons*, 58 *Ga.* 166, the judge might have ordered the writ to issue—the petitioner being free from fault.

2. It is the duty of the petitioner in certiorari to either himself serve the inferior judicatory whose decision is sought to be reviewed, or to cause it to be done by the sheriff or his deputy, or any other agent whom the party may select. *Tucker* v. *Graysville,* 120 *Ga.* 148 (2) ; *Zachery* v. *State,* 106 *Ga.* 124.

In the interest of economy, no doubt, certioraries afford a special exception to the general rule which requires the service of other processes in the superior court to be effected by the sheriff. Consequently the petitioner had no right to expect that the clerk would do more than he did, or would see that the petition and the writ of certiorari were served upon the mayor of the City of Washington. The clerk of the superior court performed his full duty in the premises as clerk when he issued the writ, attached it to the petition, made a copy of the petition and the writ, and docketed the case. Furthermore, it was the duty of the petitioner or of his counsel to see that the mayor was served with the copy of the petition and with the writ of certiorari. If the clerk did anything to mislead the petitioner's counsel, or impliedly personally assumed any obligation to serve the mayor with the writ and copy of petition, and his failure to perform this obligation damaged the petitioner, he might or might not be individually liable to the petitioner, dependent upon whether, as an individual, he owed a duty to the petitioner, raised by his sayings or conduct, upon a proper consideration, to see that the petition was served. This, however, would be entirely independent of the duty of the clerk of the superior court.

3. The petition not having been served upon the mayor, it was in the discretion of the court, had all the other proceedings been regular, to grant an order extending time for service; but the judge did not err in declining to grant such an order, nor in dismissing the petition. It is apparent from the record not only that the petitioner failed to show any legal excuse why the mayor had not been served, but also that there was no proof that the bond required by law had been given; and it further appears that no notice to the opposite party had been' given, as required by law, of the sanction of the certiorari and of the time and place of hearing. This notice must be given at least ten days before the court at which the hearing is to be had. In *McDonald* v. *Ludowici,* 3 *Ga. App.* 654 (60 S. E. 337), we held that the judge should as-

certain whether the bond required by the act of 1902 (Acts 1902, p. 105) had been given, or whether the pauper affidavit in lieu thereof had been filed, if the petition asserted that such bond had been given or that such affidavit had been filed. In the present case, however, no statement was made in the petition that either had been done. See *Johns* v. *Tifton*, 122 *Ga.* 734 (50 S. E. 941); *Veazey* v. *Crawfordville*, 126 *Ga.* 89 (54 S. E. 817).

4. Under the provisions of the Civil Code, §4644, ten days' notice of the sanction of the writ must be given the opposite party. The petitioner attempted to comply with this requirement by obtaining an acknowledgment of service of the required notice from the solicitor-general of the Northern circuit. Under our ruling in *McDonald* v. *Ludowici*, supra, the solicitor-general, as such, has no duty with relation to certioraries from the judgments of municipal courts. If one who holds the office of solicitor-general should happen to represent the municipal corporation in such a capacity as would render him the proper person to be served as its representative, he must be served as such representative. The solicitor-general of the Northern circuit is under no duty to represent the City of Washington or its mayor. There was, therefore, no notice of the sanction of the certiorari or of the time or place of hearing, as required by law. The remaining questions presented by the record are specifically dealt with in the headnotes; and from what has been said, it is clear that for several reasons the judgment dismissing the certiorari was not erroneous.      *Judgment affirmed.*