## 1394.  CONDON v. TOWN OF JESUP.

The act of 1902 (Acts 1902, p. 105) requires, in explicit and express terms, that one who seeks a writ of certiorari to review and correct the judgment of a municipal court, in the absence of an affidavit in forma pauperis, shall, as a condition precedent to an issuance of the writ, first file with the clerk, or, if no clerk, with the judge of the municipal court, a bond payable to the municipal corporation under which such court exists, approved by said clerk or judge, as the case may be, conditioned for the personal appearance of the plaintiff in certiorari to abide the final judgment of said court or of the superior court in such case.  The execution, filing, and approval of such bond must affirmatively appear in the application for the writ, before the clerk of the superior court is authorized to issue the same.  A bond approved by the judge of a municipal court, although in other respects valid, is not a sufficient compliance with the statutory requirement, where it appears from the record that there was a clerk of the municipal court when the bond was approved by the judge.

Certiorari, from Wayne superior court—Judge Parker. August 29, 1908.

Submitted October 8,—Decided October 26, 1908.

*Bennet & Conyers, James W. Poppell,* for plaintiff in error.

*Wilson, Bennett & Lambdin,* contra.

HILL, C. J.  Condon was adjudged guilty of violating a municipal ordinance, by the mayor's court of the town of Jesup, and he sued out a writ of certiorari to correct error in the judgment. On the hearing of the certiorari the defendant therein moved to dismiss the proceedings, because the petitioner had not given bond as required by the act of 1902 (Acts 1902, p. 105). The act provides that "any person who seeks a writ of certiorari to review and correct the judgment of any recorder's court, or of other police court, of any town or city, by whatever name known, shall first file with the clerk of said court, or, if no clerk, with the judge of said court, except when the pauper affidavit hereinafter provided for is furnished, a bond payable to the municipal corporation under which such court exists, in amount and security acceptable to and approved by the said clerk or judge, as the case may be, conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of said court, or of the superior court, in said case." There was no affidavit in forma pauperis. There was a bond signed by the plaintiff in certiorari and a surety, which appeared to be in all respects in conformity to the statute, supra, except that the bond

does not appear to have been filed with or approved by the clerk of the court before the writ of certiorari issued. The record shows that when the judgment was rendered which the certiorari seeks to review, and when the certiorari bond was made, and the writ was issued, the municipal court had a clerk. The certiorari bond was approved by the judge of the court, and not by the clerk. The terms of the statute are explicit and mandatory, and there is no room for judicial construction. The condition precedent to the issuance of the writ of certiorari, where there is a clerk, is that the party seeking the writ "shall first file with the clerk of said court," etc., an appearance or certiorari bond, in amount and with surety acceptable to and approved by the said clerk, etc. Neither the bill of exceptions nor the record shows that this was done before the writ was issued; and it affirmatively appears that the bond was only approved by the judge whose decision was to be reviewed. The judge is authorized to approve the bond only in the event there is no clerk of the court to do so; and when there is a clerk, the approval of the bond by the judge amounts to no approval in law. The reasons for this statutory requirement might be easily suggested, but ita lex scripta est, and beyond this the court has no concern. The Supreme Court has frequently decided, that a writ of certiorari in a civil case, unless sued out in forma pauperis, is void if the same be issued before the applicant has given the bond required by the Civil Code, §4639; and that the bond, to render it effectual, must be approved by the judge of the court in which the case was originally tried. *Dykes* v. *Twiggs County,* 115 *Ga.* 699 (42 S. E. 36), and cases cited. And that court and this court have held, where the writ was sought in order to correct a judgment of a municipal court, that compliance with the requirements of the act of 1902, supra (where there was no pauper affidavit), as to the execution, approval, and filing of the bond, was necessary to give validity to the certiorari proceeding. *McDonald* v. *Ludowici,* 3 *Ga. App.* 654 (60 S. E. 337) ; *Poulos* v. *Atlanta,* 4 *Ga. App.* 567 (61 S. E. 1127) ; *Stallworth* v. *Macon,* 125 *Ga.* 250 (54 S. E. 142) ; *Johns* v. *Tifton,* 122 *Ga.* 734 (50 S. E. 941). The statute in this case not having been complied with in the essential indicated, the superior court had no jurisdiction of the proceeding, except for the purpose of dismissing it, and the judgment is therefore *Affirmed.*