### 1899.　THOMAS *v.* CITY OF ATLANTA.

There was no error in refusing to sanction the certiorari, inasmuch as the defendant failed to give the bond required by law, or to file a pauper affidavit alleging her inability to give such a bond. The decision is controlled by the rulings in *McDonald* v. *Ludowici*, 3 *Ga. App.* 654 (60 S. E. 337), and *Simon* v. *Savannah*, 4 *Ga. App.* 172 (60 S. E, 1036).

Certiorari, from Fulton superior court—Judge Pendleton. April 12, 1909.

Submitted June 9,—Decided June 29, 1909.

*Moore & Branch,* for plaintiff in error.

*W. P. Hill, J. L. Mayson,* contra.

RUSSELL, J. The plaintiff in error was convicted in the recorder's court of the City of Atlanta, of the offense of keeping whisky on hand for illegal sale. She presented her petition for certiorari to the judge of the superior court, who declined to sanction the same; and in the bill of exceptions this ruling is assigned as error. According to the evidence as set out in the petition, the judge of the superior court should have sanctioned the writ of certirorari; for not only was there no proof which would authorize a finding that the defendant had kept any whisky for the purpose of illegal sale, but the venue was not proved. We apprehend, therefore, that the refusal of the judge of the superior court to sanction the certiorari was upon the ground that the bond which was attached to and accompanied the petition was not such a bond as required by law (Acts of 1902, p. 105). Indeed, under the terms of the act referred to, it was the duty of the judge to decline to sanction the certiorari. It is true that in *Stallworth* v. *Macon,* 125 *Ga.* 250 (54 S. E. 142), it was held that the judge should sanction the certiorari if it appears from the petition that the bond required by law has been given; but in the present case, while the petition states that the required bond has been given, it is referred to and attached as an exhibit, and an investigation of the exhibit discloses the fact that the petitioner in certiorari only bound herself to appear and abide the final judgment of the recorder's court, or of the superior court, "in the event said certiorari should be refused." This placed a limitation upon the bond, wholly unauthorized by law; and for that reason the judge did not err in refusing to sanction the certiorari. The decision is controlled by the ruling in *McDonald* v. *Ludowici,* 3 *Ga. App.* 654 (60 S. E. 337), in which is pointed out the reason why the legislative provision upon this subject was enacted, and the necessity for a strict compliance therewith.                    *Judgment affirmed.*