2014.  ALLEN *v.* CITY OF ATLANTA.

2024.  COPES *v.* CITY OF ATLANTA.

2025.  KLINE *v.* CITY OF ATLANTA.

The condition of the bond which is required to be given by one seeking a
writ of certiorari to correct a judgment of the recorder's court, or other
police court, as prescribed by the act of 1902 (Acts 1902, p. 105), is for
"the personal appearance of the defendant to abide the final order, judg-
ment, or sentence" of the municipal court, or of the superior court, in
the case.   A bond in which this condition, as to the appearance of the
defendant to abide the final order, judgment, or sentence of the munici-
pal court, or of the superior court, in the case, is qualified by adding
the words, "*in the event the certiorari applied for is refused or not
sustained,*" is not the bond required by the statute.   The judgment dis-
missing the certiorari in this case for this reason was proper.

Certiorari; from Fulton superior court—Judge Pendleton.
July 5, 1909.

Submitted October 4,—Decided October 13, 1909.

Rehearing denied December 10, 1909.

*John A. Boykin,* for plaintiffs in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

HILL, C. J.   The plaintiffs in error were convicted in the re-
corder's court of the city of Atlanta for violations of certain city
ordinances.   They filed petitions to the superior court of Fulton
county for writs of certiorari, which were granted.   On the call of
the certiorari cases in the superior court a motion was made in each
case to dismiss the certiorari, because the bond given by the plain-
tiff in certiorari did not comply with the act of 1902 (Acts 1902,
p. 105).   The court sustained the motion in each case, and this is
the only error assigned.   The act of 1902 provides that "any per-
son who seeks a writ of certiorari to review and correct the judg-
ment of any recorder's court, or of other police court, of any town
or city, by whatever name known, shall first file with the clerk of
said court, or, if no clerk, with the judge of said court, except when
a pauper affidavit hereinafter provided for is furnished, a bond
payable to the municipal corporation under which such court exists,
in amount and with surety acceptable to and approved by the said
clerk or judge, as the case may be, conditioned for the personal ap-
pearance of the defendant to abide the final order, judgment, or

sentence of said court, or of the superior court, in said case." The condition in each of the certiorari bonds given in these cases was as follows: "if the said [defendant] shall be and appear to abide the final order, judgment, or sentence of said recorder's court, or of the superior court, in said case, *in the event the certiorari applied for is refused or not sustained,* then this bond to be void; else ·of force." It is claimed that the words "in the event the certiorari applied for is refused or not sustained" is an unlawful qualification of the condition of the bond as prescribed by the statute. The statute makes the condition of the bond the personal appearance of the defendant, to abide the final order, judgment, or sentence of the recorder's court or of the superior court, whatever that order, judgment, or sentence may be; but the qualification contained in the words above quoted makes this obligatory upon him only in the event the certiorari applied for is refused or not sustained. The court did right to sustain the motion to dismiss. The bond which the statute makes a condition precedent to obtaining the writ of certiorari was not given as required; but a bond containing an altogether different condition, and very greatly restricting the obligation of the plaintiff in certiorari, was given. The judge of the superior court is clothed with very wide discretion with reference to certiorari cases, and the condition of the certiorari bond, prescribed by the statute, is broad enough to meet this discretion. The only sufficient certiorari bond is the one prescribed by the statute. This court and the Supreme Court have repeatedly ruled that when a writ of certiorari was sought in order to correct a judgment of a municipal court, a compliance with the requirements of the act of 1902, supra, was necessary, to give validity to the certiorari proceeding. The judgment of the superior court in dismissing the certioraries must therefore be affirmed. *Poulos* v. *Atlanta, 4 Ga. App.* 567 (61 S. E. 1128) ; *Condon* v. *Jesup, 5 Ga. App.* 100 (62 S. E. 677) ; *Stallworth* v. *Macon,* 125 *Ga.* 250 (54 S. E. 142) ; *Johns* v. *Tifton,* 122 *Ga.* 734 (50 S. E. 941).

*Judgment affirmed.*