### 2045.  ROACH v. CITY OF ATLANTA.

The decision in this case is controlled by the ruling in *McDonald* v. *Ludowici*, 3 Ga. App. 658 (60 S. E. 337). There was no error in dismissing the certiorari, in view of the failure of the plaintiff in certiorari to file such a bond as is required by the act of 1902 (Acts 1902, p. 105).

Certiorari; Fulton superior court—Judge Pendleton.  July 7, 1909.

Argued October 5,—Decided December 10, 1909.

*Frank L. Haralson,* for plaintiff in error.

*W. P. Hill, J. L. Mayson, W. D. Ellis Jr.,* contra.

RUSSELL, J.  Plaintiff in error was convicted in the municipal court of Atlanta, and filed a petition for certiorari. Upon the hearing the judge of the superior court dismissed the certiorari; and exception is taken to that judgment. The dismissal is in general terms, but a judgment for any reason right must be affirmed; and we apprehend that the dismissal was based upon the defect in the statutory bond which was filed by the plaintiff in certiorari. If so, the judgment of the judge of the superior court was right. The condition of the bond given by the plaintiff in error was as follows: "Now, should the said Earnest Roach well and truly appear at the recorder's court, and abide and execute the final judgment of said court, or of the superior court in said case, in the event said certiorari should be refused, then this bond is void, else of force and effect." It will be observed that the bond is effective only in the event that the certiorari is refused. If the certiorari had been sustained, the defendant would have been at liberty without a bond. As pointed out by the writer, in *McDonald* v. *Ludowici*, 3 Ga. App. 658 (60 S. E. 337), the purpose of the act of 1902

was to provide for the appearance of the defendant to abide the final judgment of the superior court, as well as that of the police court; so that he should abide the final judgment whether the superior court gave final disposition to the case, or whether, the superior court having granted a new trial, the final judgment should be rendered in the police court. In the present case, as before remarked, if the judge of the superior court had seen proper to sustain the certiorari upon the merits, the bond would have become functus officio by its terms. Such a bond is not a compliance with the statute; and, for the reasons stated in the *McDonald* case, supra, the statute must be strictly adhered to and enforced.

In the argument some point is made upon the fact that the judge went beyond the certificate of the clerk of the recorder's court, to ascertain the defect in the bond. The petitioner attached to his petition for certiorari a proper certificate from the clerk of the recorder's court that he had given the bond required by law. In the absence of anything to the contrary, this would have been sufficient to show compliance with the requirement that a proper bond be given. The recorder, however, sent up, in answer to the writ of certiorari, the original bond, which was defective in the particular pointed out. By the writ of certiorari he was required to send up all the proceedings in the case; and so the bond appeared before the court in a proper, legitimate manner; and being embodied in the answer (under the familiar rule that the answer must control in case of doubt as to the facts), the bond properly took precedence of the clerk's certificate. If the recorder had failed to transmit the bond, it would have been proper, under the ruling in the *Stallworth* case, 125 *Ga.* 250 (54 S. E. 142), for the judge of the superior court to make inquiry upon his own motion as to whether there had been in fact a legal bond filed by the petitioner in certiorari.

It matters not how it comes before the court, if it appears that the requirements of the act of 1902, with reference to bonds given by petitioners for certiorari from judgments of municipal courts, have not been complied with, the petition should be dismissed. For the information of the profession, attention is called to the act of August 13, 1909 (Acts 1909, p. 148), on this subject. The present case, however, arose under the old law.

*Judgment affirmed.*