## 2521.  SCOTT v. CITY OF CAMILLA.

1. It is not a compliance with either the act of December 10, 1902 (Acts 1902, p. 105), or the act of August 13, 1909 (Acts 1909, p. 148), for a defendant who has been convicted in a municipal court to give a bond conditioned "for the appearance of the defendant to abide the final judgment and sentence of the superior court of [the county in which the municipality is located] in said case." The condition of the bond should be to personally appear and abide the final judgment, order, or sentence upon him. The two expressions are not synonymous.

2. The proper bond not having been given, and the statutory pauper affidavit not having been filed, the judge did not err in refusing to sanction the certiorari.

Certiorari; from Mitchell superior court—Judge Park. February 14, 1910.

Submitted April 12,—Decided April 19, 1910.

*Cox & Peacock,* for plaintiff in error.

POWELL, J. 1. It appears from the record that the plaintiff in error applied for a certiorari to a conviction in the municipal court of Camilla, the condition of his bond being "for the appearance of the defendant to abide the final judgment and sentence of the superior court of Mitchell county, Georgia, in said case." This is not sufficient—is not a substantial compliance with either the act of December 10, 1902 (Acts 1902, p. 105), or the act of August 13, 1909 (Acts 1909, p. 148). It may be that these two acts do not cover identically the same subject-matter, that the latter act relates merely to the method of obtaining a supersedeas, while the former act prescribes a condition precedent to the granting of a certiorari. Be that as it may, the plaintiff in error complied with neither. The condition of the bond prescribed by these acts is that the defendant will appear and abide the final judgment, order, or sentence upon him in said case. It will be readily seen that the final judgment in the case may not in fact be imposed by the judge of the superior court; he may sustain the certiorari and send the defendant back to the lower court for further action. The identical point has been decided several times. See *McDonald* v. *Ludowici,* 3 *Ga. App.* 654 (60 S. E. 337); *Simon* v. *Savannah,* 4 *Ga. App.* 171 (60 S. E. 1036); *Poulos* v. *Atlanta,* 4 *Ga. App.* 567 (61 S. E. 1128); *Thomas* v. *Atlanta,* 6 *Ga. App.* 393 (65 S. E. 32); *Sims* v. *Atlanta,* 6 *Ga. App.* 802 (65 S. E. 841).

2. It is uniformly held that the judge does not err in refusing

44

to sanction a certiorari where the proper bond has not been given or the statutory pauper affidavit has not been filed.

*Judgment affirmed.*