<i>Judgment affirmed.</i>

---

2908. JOHNSON *v.* MAYOR AND COUNCIL OF HAZLEHURST.

RUSSELL, J. 1. The judge of the superior court did not err in refusing to sanction the petition for certiorari. The bond attached to the petition was fatally defective, in that the petitioner, who had been convicted in the municipal court, was not obligated thereby to appear and abide the final judgment. *McDonald* v. *Ludowici,* 3 *Ga. App.* 654 (60 S. E. 337); *Simon* v. *Mayor etc. of Savannah,* 4 *Ga. App.* 171-2 (60 S. E. 1036); *Roach* v. *Atlanta,* 7 *Ga. App.* 171 (66 S. E. 484). Furthermore, though it affirmatively appears, from the statement of the petition, that the city council of Hazlehurst has a clerk, the bond is approved by the mayor. *Smith* v. *Washington,* 4 *Ga. App.* 514 (61 S. E. 923).

2. The ruling in *Hood* v. *State,* 4 *Ga. App.* 847 (62 S. E. 570), is not in point, under the facts presented in this record. The petition for certiorari in the present case seeks to review the judgment of a municipal

court, and a fixed way has been prescribed for this remedy, while the Criminal Court of Atlanta, whose judgment was the subject matter of review in the *Hood* case, is a court sui generis, and the original act creating it made no provision for the exercise of the right of certiorari, and did not prescribe any specific method by which the remedy should be pursued. See, however, Civil Code (1910), §§ 5192-4.

3. A petition for certiorari is not amendable by the insertion of new assignments of error or by engrafting upon it affidavits in support of alleged newly discovered evidence.

4. It is competent to prove that one is in fact the prosecutor in a criminal case, although he may not nominally appear as such; and one who is actively engaged in any way in the prosecution of one accused of crime is disqualified from sitting as a trior in the case, either as judge or juror. However, in the present case the allegation upon this point could not be considered by the judge to whom the petition for certiorari was presented, because at the trial no objection was made as to the qualification or competency of the mayor or of any of the councilmen, and there is no evidence that any testimony was offered at the trial which tended to show that any of the triors in the municipal court were unduly interested in the prosecution, had any bias in the case, or were otherwise disqualified. An objection which should have been made and, if necessary, supported by proof in the trial court can not be considered when raised for the first time by certiorari in a reviewing court.

5. None of the other exceptions presented by the petition for certiorari were meritorious.                                     *Judgment affirmed.*

.DECIDED FEBRUARY 15, 1911.

Petition for certiorari; from Jeff Davis superior court—Judge Conyers. August 13, 1910.

*P. L. Smith, R. B. Price,* for plaintiff in error.

*King & Dell, J. H. Thomas,* contra.