3416.  MOON *v.* CITY OF JEFFERSON.
3457.  APPLEBY *v.* CITY OF JEFFERSON.
3458.  DUKE *v.* CITY OF JEFFERSON.
3459.  PHILLIPS *v.* CITY OF JEFFERSON.

The filing of a bond conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of the municipal court, or of the superior court, or the filing of a proper affidavit in forma pauperis in lieu of a bond, is a condition precedent to obtaining a writ of certiorari in a case where one seeks to review the judgment of a municipal court. The bond must be approved by the clerk of the municipality under which the court exists, if there be one, and it must be conditioned for the appearance of the defendant to abide the final judgment of the superior court, as well as of the mayor's court, and a defect in either respect is fatal. Consequently it is not error for a judge of the superior court to refuse to sanction a petition for certiorari when it appears, from an inspection of the bond tendered, and attached to the petition, that it is neither conditioned as required by law, nor approved by the municipal officer charged by law with the duty of approving it.

DECIDED FEBRUARY 24, 1912.

Certiorari; from Jackson superior court—Judge Brand.  March 23, 1911.

*Ray & Ray, Mahaffey & Mahaffey,* for plaintiffs in error.
*C. L. Bryson,* contra.

RUSSELL, J.  We are precluded from a consideration of the merit of the attacks upon the constitutionality of the ordinance of the City of Jefferson, sought to be made in the petitions for certiorari in these cases. The trial judge, for the same reason, could not consider them. It appears, from an inspection of the petition for certiorari, and the exhibits referred to thereby, including the bond itself, that the bond was approved in one case by the mayor, and in the others by the acting mayor of the City of Jefferson, when they should have been approved by the clerk of the city council. It also appears in the case of Anse Moon that the petitioner only binds himself to appear before the mayor, if the certiorari is decided finally in favor of the City of Jefferson, and pay the fine or serve the sentence. In the other three cases the condition of the bond is that it shall be void if the principal in the obligation abides and answers the final judgment in said case, whatever it may be. It is therefore plain that the judge of the superior court did not err in refusing to sanction all of these petitions. As held by the Supreme Court in *Johns* v. *Tifton,* 122 *Ga.* 734 (50 S. E. 941),

"The filing of the bond or making of the pauper affidavit is a condition precedent to the application for certiorari." Both the Supreme Court and this court have frequently defined the requisites of the bond in cases of certiorari from judgments of municipal courts. In the *Johns* case, supra, it was held that "a bond conditioned to pay the eventual condemnation-money is not such a bond as the statute prescribes; and the trial judge did not err in refusing to sanction the application." In *McDonald* v. *Ludowici,* 3 *Ga. App.* 654 (60 S. E. 337), this court held that a certiorari could properly be dismissed either where the bond was not approved by the proper officer of the municipality, or where it was not conditioned to abide by the judgment of the superior court, or the mayor's court. This ruling has been followed without exception, because we have deemed the act of 1902 (Acts 1902, p. 105) mandatory, and have considered the matter of perhaps even more importance since the passage of the act of 1909 (Civil Code of 1910, §§ 5192-4), which provides for the supersedeas of the judgment upon the filing of the bond. Upon the proposition that the certiorari should not be sanctioned, or, if sanctioned, should be dismissed, where it appears that the bond was not approved by the proper municipal officer, see *Condon* v. *Jesup,* 5 *Ga. App.* 100 (62 S. E. 677). Upon the proposition that the certiorari bond must be conditioned strictly as provided by law, we pointed out, in *McDonald* v. *Ludowici,* supra, the apparent reason for the legislative requirements for the appearance of the defendant to abide the final order or judgment of the superior court, as well as of the police or mayor's court; and this ruling was followed in *Simon* v. *Savannah,* 4 *Ga. App.* 172 (60 S. E. 1036); *Poulos* v. *Atlanta,* 4 *Ga. App.* 567 (61 S. E. 1128); *Tooke* v. *Oglethorpe,* 4 *Ga. App.* 851 (62 S. E. 544); *Roach* v. *Atlanta,* 7 *Ga. App.* 171 (66 S. E. 484).

       *Judgment affirmed. Pottle, J., not presiding.*