### 6701. KNIGHT v. TOWN OF JESUP.

RUSSELL, C. J. 1. This writ of error challenges the judgment of the judge of the superior court in overruling a certiorari brought to review a conviction of the violation of a municipal ordinance. The accused appealed from an adverse decision by the mayor to the municipal council. At the trial no objection was interposed to the impropriety of allowing the mayor to state to the city council, while it was trying the appeal, the reasons which impelled him to impose a heavy fine, nor was the alleged disqualification of one of the members of the council urged or brought to the attention of the triors, and this must therefore be treated as having been waived. Neither point could be raised for the first time by certiorari.

2. The evidence upon the appeal was sufficient to support a charge of disorderly conduct, and the judge of the superior court did not err in overruling the certiorari. *Judgment affirmed.*

DECIDED JANUARY 28, 1916.

Certiorari; from Wayne superior court—Judge Highsmith. May 24, 1915.

*James R. Thomas,* for plaintiff in error.

*J. H. Thomas, W. B. Gibbs,* contra.

---

### 6745. ROBERTS v. MAYOR AND COUNCIL OF COLQUITT.

RUSSELL, C. J. A judge of the superior court should refuse to sanction a petition for certiorari, brought to review a conviction of a violation of a municipal ordinance, when it appears that the petitioner for certiorari, instead of making the statutory affidavit or giving the bond required by law in such cases, merely gives a bond for the payment of the eventual-condemnation money and all future costs. Park's Annotated Penal Code, §§ 5191(a), 5192; *McDonald v. Ludowici,* 3 *Ga. App.* 654 (60 S. E. 337); *Roach v. Atlanta,* 7 *Ga. App.* 171 (66 S. E. 484); *Johnson v. Hazlehurst,* 8 *Ga. App.* 841 (70 S. E. 258); *Moon v. Jefferson,* 10 *Ga. App.* 572 (73 S. E. 854). *Judgment affirmed.*

DECIDED JANUARY 28, 1916.

Certiorari; from Miller superior court—Judge Worrill. June 29, 1915.

*B. B. Bush,* for plaintiff in error.