## 7280. — BRACKETT *et al. v.* SEBASTIAN.

WADE, C. J. 1. This case is controlled by the decision in *Brown* v. *Seals,* 17 *Ga. App.* 4 (86 S. E. 277), in which it was held that "The premature dismissal of a petition for certiorari is not cause for reversal, where the petition was presented in renewal of a dismissed petition for certiorari more than six months after the dismissal of the prior petition." The above-cited case and the case under consideration are both distinguishable from *Brown* v. *Smith,* 24 *Ga.* 418, in which it was held that "It is error in the court to hear and determine a certiorari six months before the term to which by law it is properly made returnable."

2. A certiorari was sued out, and, on the hearing, was dismissed for lack of proper notice of its sanction. Subsequently a second certiorari was sued out, and to the order of the court dismissing it before the return term the defendants excepted. Since the first certiorari was dismissed for want of the statutory notice of sanction, as appears from the admitted facts in the record, it was void ab initio, and the petitioners were not entitled to renew it; and there was no error in dismissing the second certiorari before the return term. There was no legal basis for the second proceeding; and no certiorari in fact existed. Such a case stands on a different footing from a case in which the certiorari is dismissed before the return term on account of some defect appearing therein, because of which it may be only a potential nullity; as, for instance, where there is no assignment of error, as in *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517, 518 (46 S. E. 638). If the record itself had failed to disclose the ground upon which the first certiorari was dismissed, which negatived the very fact of its legal existence, a different ruling might have been required.

*Judgment affirmed.*

DECIDED SEPTEMBER 15, 1916.

Certiorari; from Fulton superior court—Judge Ellis. December 6, 1915.

*Alex. W. Stephens,* for plaintiff in error.

*W. T. Moyers, Walter A. Sims,* contra.