28410.  SCHMIDT *v.* PARRISH.

DECIDED NOVEMBER 20, 1940.

*Thomas & Edwards, Hamilton Burch,* for plaintiff in error.

MACINTYRE, J.  ■  Suit on account for rent was brought in a justice court. The jury returned a verdict of $35 for the plaintiff. The plaintiff testified that he rented his house to the defendant for $35 per month, and that the defendant agreed to give him thirty days notice before he moved; that defendant now owes him $40.85, which is for the month of August and five days in September, which defendant refuses to pay. The defendant testified that he repaired and improved the plaintiff's house in the amount of $15, and that about July 26 or 27 he told the plaintiff

to rent to some one else; that plaintiff told him he did not have any one to rent to, and that they then agreed that defendant would stay on, and defendant would pay the plaintiff $4 per week or $16 per month; that he owed plaintiff $16, and was ready to pay him when this suit was brought.

The evidence was unquestionably conflicting; and the jury having resolved this conflict in favor of the plaintiff, this court can not interfere. The contention that the verdict was contrary to the evidence, is not meritorious.

■ Another ground is that the misconduct of the plaintiff and a juror (which was that a juror asked the plaintiff certain questions) was so highly improper that the judge should have sanctioned the petition for certiorari. The only part of the petition which referred to the alleged misconduct of the juror is as follows: "Petitioner avers that after the case was submitted to the jury and both parties had closed, but before the jury had deliberated to make up its verdict, one of the jurors, to wit, one Mr. T. A. Baker, turned to plaintiff and asked him certain questions which were answered by plaintiff at that time differently from what the testimony was on the stand. Petitioner, being ignorant of the fact that this was improper, did not make any objection at that time, and did not advise his attorney of said conversation between said juror and the plaintiff until later; and your petitioner now assigns the same as error." The petitioner for certiorari knew what questions were asked the juror, and the replies made thereto; yet in his petition he does not give the superior court or this court the benefit of the questions and answers on the occasion in question, so that the superior court and this court could determine whether they were material or hurtful. Be that as it may, it is well settled that in order for misconduct of the jury to be cause for a new trial it must affirmatively appear that neither the party complaining nor his counsel had any knowledge of such misconduct before verdict. *Brooks* v. *Camak*, 130 *Ga*. 213, 217 (60 S. E. 456). It appears affirmatively in the instant case that the defendant had knowledge of the misconduct before verdict; and this ground of the petition for certiorari was not meritorious.

■ The judge did not err in refusing to sanction the petition. *Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*