29231.   BYERS *v.* MADDOX.

**DECIDED JANUARY 14, 1942.**

*Stafford Brooke, C. H. Dalton,* for plaintiff in error.
*W. M. Henderson,* contra.

SUTTON, J. Mrs. Baxter Maddox sued out a distress warrant for rent against D. A. Byers before a justice of the peace. The defendant filed a counter-affidavit, and a trial was had before the justice and a jury, which resulted in a verdict and judgment in favor of the plaintiff for the sum of $80. The defendant certioraried the case to the superior court, and upon a hearing there the judge of the superior court overruled the certiorari, and the exception here is to that judgment.

■ The petition for certiorari assigns error on an alleged ruling of the justice of the peace, that the case would be tried before a jury without first being tried by the justice, which was contrary to law and deprived him of the right of appeal to a jury in the justice's court or superior court. But the answer of the justice, which is untraversed and must be taken as true, states that during the trial of the case immediately preceding the one here involved he asked counsel for Mrs. Maddox if the jury in the box suited him, as he wanted to excuse the other jurors, and he replied that the jury was all right. The justice then asked counsel for Mr. Byers if the jury in the box suited him, and told him about wanting to let the other jurors go, and counsel for Mr. Byers said that the jury in the box was satisfactory to him. The answer then says: "That is all that took place in regard to trying the case before a jury." It does not appear that any objection was interposed by the defendant or his counsel to trying the case before a jury without judgment first being rendered by the justice. In these circumstances it must be held that the defendant waived the right that he now insists on, the point being raised for the first

534

time in his petition for certiorari. *Knight* v. *Jesup,* 17 *Ga. App.* 557 (87 S. E. 814); *Masters* v. *Southern Express Co.,* 23 *Ga. App.* 642 (99 S. E. 144); *Meeks* v. *Guckenheimer,* 102 *Ga.* 710 (29 S. E. 486).

The other assignment of error is that the verdict is contrary to the evidence and without evidence to support it. The plaintiff testified that she rented the place, the rent on which she was undertaking to collect by the distress warrant proceeding, to the defendant and his son. The evidence for the defendant was to the effect that the place was rented by the plaintiff to the son of the defendant and that the defendant lived with his son. The evidence was in conflict, but there was sufficient evidence to authorize the jury to find in favor of the plaintiff, and the court did not err in overruling the certiorari on this ground. *Schmidt* v. *Parrish,* 63 *Ga. App.* 663 (11 S. E. 2d, 921).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*